JOURNAL ENTRY AND OPINION
{¶ 1} Appellant-Defendant Lynn N. Smith ("Appellant") appeals from her plea of guilty to one count of murder and one count of robbery. For the reasons set forth below, we affirm.
 {¶ 2} On November 25, 2003, the Appellant was indicted on four counts: two counts of aggravated murder in violation of R.C. 2903.01 and two counts of aggravated robbery in violation of R.C. 2911.01. Appellant was arraigned and pled not guilty to all counts in the indictment.
 {¶ 3} On September 11, 2003, Appellant filed a motion to suppress her written confession.
 {¶ 4} Before the court ruled upon the motion to suppress, the Appellant and the state reached a plea agreement. As a result of the plea agreement, on November 17, 2003, Appellant withdrew her formerly entered not guilty plea and pled guilty to an amended count of murder in violation of R.C. 2903.02 and an amended count of robbery in violation of R.C. 2911.02. In return, the state nolled counts two and three of the indictment.
 {¶ 5} Before accepting the plea, the court engaged in a thorough colloquy in which the court informed the Appellant of the nature of the charges against her and the possible penalties associated with those charges. The trial court explained to the Appellant that by pleading guilty, she was accepting responsibility for both the murder and robbery charges and was waiving some of her constitutional rights. Each time the court explained the repercussions of pleading guilty, the court asked Appellant if she understood and Appellant responded that she did. Appellant further stated that she was not under the influence of drugs or alcohol, her plea was not the result of threats or promises, and she was pleading guilty to the charges voluntarily and of her own free will.
 {¶ 6} The court then sentenced Appellant to fifteen years to life for the one count of murder and postponed sentencing on the robbery charge until Appellant, per the plea agreement, testified truthfully on behalf of the prosecution against her co-defendant and relinquished letters between herself and the co-defendant to the prosecution.
 {¶ 7} On February 24, 2004, Appellant was sentenced to three years for the robbery charge to run concurrent with the sentence the court imposed for the murder charge. Appellant now appeals and submits two assignments of error for our review. In the interests of convenience, we will address both assignments of error together.
 {¶ 8} Appellant's first assignment of error states:
 {¶ 9} "Trial counsel's failure to pursue a ruling on a motion to suppress a confession constituted ineffective assistance of counsel."
 {¶ 10} Appellant's second assignment of error states:
 {¶ 11} "Trial counsel failed to provide effective assistance by allowing Appellant to plead to a charge of robbery."
 {¶ 12} In order to demonstrate ineffective counsel, a defendant must show, not only that his counsel's representation was deficient, but also that the deficient performance prejudiced the defense. Strickland v.Washington (1984), 466 U.S. 668, 80 L.Ed.2d 674, 104 S.Ct. 2052; State v.Bradley (1989), 42 Ohio St.3d 136, 538 N.E.2d 373. Counsel's performance may be found to be deficient if counsel "made errors so serious that counsel was not functioning as the `counsel' guaranteed the defendant by the Sixth Amendment." Strickland, supra, at 687. To establish prejudice, "the defendant must prove that there exists a reasonable probability that, were it not for counsel's errors, the result of the trial would have been different." State v. Bradley, supra, at paragraph two of the syllabus. See, also, Strickland, supra, at 687.
 {¶ 13} The Appellant has the burden of proving ineffective assistance of counsel and there is a strong presumption that a properly licensed trial counsel rendered adequate assistance. State v. Smith (1985),17 Ohio St.3d 98, 100, 477 N.E.2d 1128. As the Strickland Court stated, a reviewing court "[m]ust indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy." Strickland, supra, at 689. See, also, State v. Hamblin
(1988), 37 Ohio St.3d 153, 524 N.E.2d 476.
 {¶ 14} A guilty plea waives the right to appeal issues of ineffective assistance of counsel, unless the ineffective assistance precluded the defendant from voluntarily entering the plea. State v. Lewis (Aug. 19, 1994), Trumbull App. No. 92-T-4687, citing State v. Barnett (1991),73 Ohio App.3d 244, 596 N.E.2d 1101. "To establish such prejudice, the defendant must show that there is a reasonable probability that, but for the alleged error, the defendant would not have pled guilty and would have insisted on going to trial." State v. Reed, Washington App. No. 00CA01, 2000-Ohio-2028, citing Hill v. Lockhart (1985), 474 U.S. 52, 59,106 S.Ct. 366, 88 L.Ed.2d 203; State v. Mootispaw (Mar. 26, 1998), Lawrence App. No. 97CA26.
 {¶ 15} Appellant first argues that her counsel was ineffective because he failed to pursue a ruling on a motion to suppress Appellant's confession.
 {¶ 16} We conclude that trial counsel's assistance was not ineffective. A thorough review of the record demonstrates that the Appellant voluntarily entered guilty pleas as to both the murder and robbery charge. In its colloquy with the Appellant, the trial court informed Appellant of the nature of the charges against her and the possible penalties Appellant might receive for the charges. The trial court also informed Appellant that because of the nature of the offense, she would be sent to prison. Additionally, the court explained to Appellant that by pleading guilty, she was accepting responsibility for both the murder and robbery charges and was waiving some of her constitutional rights. Each time the trial court explained this information, the court asked Appellant if she understood. Each time, Appellant replied that she did.
 {¶ 17} Appellant stated that she was not under the influence of drugs or alcohol and that her plea was not the result of threats or promises. Additionally, Appellant stated she was pleading guilty voluntarily and of her own free will.
 {¶ 18} Based on the foregoing, we find that trial counsel's failure to pursue the motion to suppress the Appellant's written confession did not preclude the Appellant from voluntarily entering a guilty plea and thus, did not constitute ineffective assistance of counsel.
 {¶ 19} Furthermore, "where the record contains no evidence which would justify the filing of a motion to suppress, the appellant has not met his burden of proving that his attorney violated an essential duty by failing to file the motion." State v. Gibson (1980), 69 Ohio App.2d 91, 95,430 N.E.2d 954; see, also, State v. Jones, Butler App. No. CA2001-03-056, 2002-Ohio-5505.
 {¶ 20} The record in this case is void of any evidence that would support the suppression of Appellant's confession. Without any of this information, Appellant cannot meet her burden of proving her counsel's representation was ineffective. When an appellant makes allegations regarding the competency of trial counsel based upon facts that do not appear in the record, these allegations should be reviewed through postconviction relief and not on direct appeal. State v. Cooperrider
(1983), 4 Ohio St.3d 226, 228, 448 N.E.2d 452. Therefore, as Appellant's guilty plea was voluntary and the record is void of any evidence that would support the suppression of Appellant's confession, Appellant has failed to establish that her counsel's assistance was ineffective. Accordingly, Appellant's first assignment of error is without merit.
 {¶ 21} Appellant's second assignment of error asserts that trial counsel failed to provide effective assistance by allowing Appellant to plead guilty to a charge of robbery. Appellant maintains that trial counsel should have recognized that the elements of robbery were not present in the theft occurrence.
 {¶ 22} As stated previously, the record demonstrates that the trial court conducted a thorough colloquy with the Appellant in which it outlined the nature of the robbery offense and the possible penalties associated with the offense. Appellant stated that she understood this information and that she was entering her plea of guilty to the robbery charge voluntarily and of her own free will. Thus, Appellant, by pleading guilty, understood that she was admitting to committing the robbery offense.
 {¶ 23} Furthermore, there is nothing in the record to support Appellant's allegation that she did not voluntarily enter the plea of guilty to the robbery charge. Without any evidence in the record that the plea was not voluntary, Appellant cannot meet her burden of proving ineffective assistance of counsel. Accordingly, Appellant's second assignment of error is without merit.
 {¶ 24} The judgment is affirmed.
It is ordered that appellee recover of appellant its costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Common Pleas Court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Celebrezze, Jr., J., and McMonagle, J., Concur.