JOURNAL ENTRY AND OPINION
{¶ 1} Defendant-appellant Robert Clark appeals from an order denying his postsentence motion to withdraw a guilty plea. In this appeal, appellant argues that he was denied the effective representation of counsel and that the court erred by denying his motion to withdraw the guilty plea without first conducting a hearing on that motion. Neither argument has merit, so we affirm.
 {¶ 2} Appellant pleaded guilty in three different cases to charges of drug possession and trafficking. He claims to have entered the pleas as a result of pressure from his attorney, Michael Peterson, who claimed that a codefendant, Aaron Wells, had reached a bargain with the state, but that the state would not permit Wells to plead unless appellant pleaded as well. Appellant further maintained that the terms of these plea bargains called for appellant and Wells each to serve a total of nine years in prison. More than a year after being sentenced, appellant filed a motion to withdraw his guilty plea. In that motion, he claimed that attorney Peterson told him that Wells received an eight-year sentence.[1] Appellant also claimed to have discovered that attorney Peterson also represented Wells, but failed to disclose the dual representation to appellant. The court denied the motion to withdraw the plea without a hearing, finding that appellant "failed to indicate an actual conflict of interest that affected his voluntary plea at which time he knew what his sentence would be." *Page 4 
 I {¶ 3} Appellant first argues that he was denied his right to effective assistance of counsel when attorney Peterson engaged in an undisclosed, dual representation with Wells.
 {¶ 4} Crim.R. 32.1 states that "[a] motion to withdraw a plea of guilty or no contest may be made only before sentence is imposed; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his or her plea."
 {¶ 5} Since this was a postsentence motion to withdraw a guilty plea, appellant had the burden of establishing the existence of a manifest injustice. State v. Smith (1977), 49 Ohio St.2d 261, paragraph one of the syllabus. The term "manifest injustice" is not defined in the Rules of Criminal Procedure, but it has been applied to mean a "clear or openly unjust act." State ex rel. Schneider v. Kreiner,83 Ohio St.3d 203, 208, 1998-Ohio-271. This is a very high standard, to be applied only in "extraordinary cases." Smith, 49 Ohio St.2d. at 264. The decision to grant or deny a postsentence motion to withdraw a guilty plea is within the sound discretion of the trial court, subject to review for an abuse of that discretion. State v. Xie (1992),62 Ohio St.3d 521, 526, 584 N.E.2d 715.
 {¶ 6} A guilty plea waives a defendant's claim of ineffective assistance of counsel except to the extent that the alleged ineffectiveness may have caused the guilty plea to be less than knowing, intelligent, and voluntary. State v. Barnett *Page 5 
(1991), 73 Ohio App.3d 244, 596 N.E.2d 1101; State v. Smith, Cuyahoga App. No. 85616, 2005-Ohio-4702, at Tf 14. In that event, we focus on the procedures by which the defendant's constitutional rights were waived.State v. Kelley (1991), 57 Ohio St.3d 127, 566 N.E.2d 658. These procedures are outlined in Crim.R. 11(C) and require that the court ensure that the defendant understands that the guilty plea will result in the relinquishment of certain constitutional and statutory rights.State v. Nero (1990), 56 Ohio St.3d 106, 108, 564 N.E.2d 474.
 {¶ 7} The sole ground for appellant's motion to withdraw his plea is that attorney Peterson failed to disclose to appellant his representation of codefendant Wells. Standing alone, this dual representation does not establish ineffective assistance of counsel because it does not call into question the validity of appellant's guilty plea. Appellant points to nothing in the record to show how the dual representation rendered his plea proceedings invalid. In his affidavit, he states, "* * * I would not have entered a guilty plea to any charge had I known attorney Peterson was representing co-defendant Wells and was lying to me prior to the plea and sentencing." This assertion fails in all respects to call into question the voluntary and knowing nature of the plea. While we in no way condone Peterson's failure to disclose the dual representation, that failure has no bearing on whether the court complied with Crim.R. 11(C).
 {¶ 8} We likewise question the consistency of appellant's arguments. For example, he claimed in his motion that Wells retained attorney Peterson on May 13, *Page 6 
2004. Appellant says that he retained attorney Peterson on June 22, 2004. He then claims that attorney Peterson told him that he would retain "counsel for his co-defendant, Aaron Wells, to see how co-defendant's counsel wanted to proceed in the case." This alleged statement by attorney Peterson makes no sense — if he had indeed been retained by Wells at the time, he would have no need to refer to Wells' counsel if he himself were representing Wells. Appellant goes on to describe how attorney Peterson allegedly told him that he had consulted with Wells' co-counsel and learned that the state would only bargain as a "package" with Wells and appellant. Again, this reference to "co-counsel" is nonsensical if attorney Peterson actually had been representing Wells.
 {¶ 9} This reduces appellant to arguing that attorney Peterson actively lied to him to cover up his representation of Wells. Even if we were to assume this to be true, a criminal defense counsel's "breach of an ethical standard does not necessarily make out a denial of the Sixth Amendment guarantee of assistance of counsel." Nix v. Whiteside (1986),475 U.S. 157, 165, 106 S.Ct. 988, 89 L.Ed.2d 123. The Sixth Amendment right to conflict-free counsel protects against `"an actual conflict of interest' * * * — as opposed to a mere theoretical division of loyalties."Mickens v. Taylor (2002), 535 U.S. 162, 172, 122 S.Ct. 1237 (quotingWood v. Georgia (1981), 450 U.S. 261, 273, 101 S.Ct. 1097). Appellant must show not only that attorney Peterson "actively represented conflicting interests," but also that the *Page 7 
conflict had "actually affected the adequacy of [his] representation." See id. (Quoting Cuyler v. Sullivan (1980), 446 U.S. 335, 349-350,100 S.Ct. 1708.)
 {¶ 10} These principles are in accord with standards for determining counsel's ineffectiveness. To prevail on his claim of ineffective assistance of defense counsel, appellant must show (1) that counsel's performance fell below an objective standard of reasonableness, and (2) that counsel's deficient performance prejudiced him. See Strickland v.Washington (1984), 466 U.S. 668, 694, 104 S.Ct. 2052, 80 L.Ed.2d 674;State v. Bradley (1989), 42 Ohio St.3d 136, 538 N.E.2d 373. To establish prejudice, appellant must demonstrate that counsel's deficient performance "so undermined the proper functioning of the adversarial process that the trial could not have reliably produced a just result."State v. Powell (1993), 90 Ohio App.3d 260, 266, 629 N.E.2d 13.
 {¶ 11} The test for ineffective assistance of counsel is conjunctive — the proponent of the claim must establish that counsel's conduct fell below an objective standard of reasonableness and that this deficient performance caused prejudice. Even if we assume for purposes of this appeal that attorney Peterson engaged in an undisclosed dual representation of both appellant and Wells, and that conduct fell below an objective standard of reasonableness, we find that appellant failed to show that this dual representation prejudiced him.
 {¶ 12} Dual representation is not a per se violation of due process.Holloway v. Arkansas (1978), 435 U.S. 475, 482, 98 S.Ct. 1173, 1178,55 L.Ed.2d 426, citing *Page 8 Glasser v. United States (1942), 315 U.S. 60, 92, 62 S.Ct. 457, 475, 86 L.Ed. 680. It is possible that dual representation can work to the advantage of the clients in cases when they mount a common defense against charges. Id. at 483. Appellant obviously raised no objection about the dual representation, and there is nothing in the record to suggest that the court had any reason to question the dual representation. In situations like this, where no objection is raised to the court regarding the joint representation, appellant "must demonstrate that an actual conflict of interest adversely affected his lawyer's performance." Cuyler, 446 U.S. at 348, 100 S.Ct. at 1718.
 {¶ 13} Appellant has failed to show that a conflict of interest adversely affected attorney Peterson's performance. Peterson negotiated a favorable plea bargain for both appellant and Wells. The grand jury returned a six-count indictment for appellant. Counts 1 and 2 charged possession of cocaine; counts 3 and 4 charged possession of crack cocaine; count 5 charged trafficking in crack cocaine, and count 7 charged possession of criminal tools. All of the counts referenced large quantities of drugs: counts 1 and 2 charged possession of 100-500 grams of cocaine; counts 3 and 4 charged possession of 25-100 grams of crack cocaine; and count 5 charged trafficking in an amount equal to or exceeding 100 grams of crack cocaine. Counts 1 through 4 were either first or second degree felonies requiring the imposition of mandatory prison time. Count 5 was also a first degree felony, but contained a major drug offender specification. If found guilty of count 5, appellant faced a *Page 9 
mandatory sentence for a first degree felony (10 years), along with additional prison time for the major drug offender specification. See R.C. 2925.03(C)(4)(g) and R.C. 2929.14(D)(3)(b).
 {¶ 14} In his motion to withdraw the plea, appellant asserted that he had been charged in two other cases: CR-453745, a five-count drug indictment and CR-445735, a three-count drug indictment.
 {¶ 15} Appellant states that attorney Peterson told him that counsel for Wells had been approached by the state and offered an eight-year prison term in exchange for a guilty plea to one count of drug trafficking and one count of having a weapon while under disability. Attorney Peterson then told appellant that the state's offer to Wells was contingent upon appellant agreeing to plead guilty to count 3 of the indictment, with a seven-year term for that count, and one-year terms in each of the other two cases, to be served consecutively, for a total of nine years. Appellant said that he refused to accept that offer. It was not until "* * * attorney Peterson continued to stress how co-counsel had been calling him about how important it was for both defendants to plead guilty, not go to trial, and both receive the benefit of almost the same sentence, I agreed to accept the plea deal."
 {¶ 16} Appellant does not argue that attorney Peterson's conflict of interest resulted in his not obtaining the best plea bargain available. By his own admission, he accepted the state's offer, albeit reluctantly. We see nothing unfair in this deal; in fact, given the total number of counts and the total amount of drugs involved in those *Page 10 
counts, the plea bargain attorney Peterson negotiated is favorable for appellant. There is no prejudice shown on this record.
 {¶ 17} Appellant's motion to withdraw his guilty plea is based solely on his claim that, had he known of attorney Peterson's dual representation, he would not have pleaded guilty. He makes no reference to any prejudice this dual representation caused him, nor is any prejudice demonstrable from the record. He further cites no infirmity with the entry of his guilty plea. Without such a showing, appellant cannot raise an ineffective assistance of counsel argument about acts his attorney engaged in that did not directly call into question the validity of the guilty plea. Moreover, absent a showing of prejudice stemming from the alleged violation of counsel's duties, appellant cannot establish the kind of "manifest injustice" necessary to prevail on a postsentence motion to withdraw a guilty plea. At the very least, the court's decision to deny the motion is not so arbitrary, unreasonable or unconscionable as to be an abuse of the court's discretion. State v. Adams (1980), 62 Ohio St.2d 151, 157-158.
 II {¶ 18} Finally, appellant argues that the court erred by denying his motion to withdraw the guilty plea without first conducting a hearing.
 {¶ 19} "If the facts, as alleged by the defendant, and taken as true, do not require the court to allow the defendant to withdraw his guilty plea, the court is not *Page 11 
required to hold a hearing on defendant's motion." State v. Legree
(1988), 61 Ohio App.3d 568, 573, 573 N.E.2d 687.
 {¶ 20} The court ruled that appellant "failed to indicate an actual conflict of interest that affected his voluntary plea at which time he knew what his sentence would be." This finding was consistent with our conclusion that appellant's motion failed to point to any actual error in his plea proceedings resulting from his attorney's alleged dual representation. On its face, the motion lacked merit and the court had no obligation to conduct what would be a futile hearing on the motion.
Judgment affirmed.
It is ordered that appellee recover of appellant its costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Cuyahoga County Common Pleas Court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
COLLEEN CONWAY COONEY, P.J., and SEAN C. GALLAGHER, J., CONCUR
[1] The record from Wells' case shows that he received a two-year sentence. *Page 1