[Cite as *State v. Washington*, 2011-Ohio-4500.]

# Court of Appeals of Ohio

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 95774**

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## DEBORAH WASHINGTON

DEFENDANT-APPELLANT

**JUDGMENT:**
AFFIRMED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-530880

**BEFORE:** Cooney, J., Boyle, P.J., and S. Gallagher, J.

**RELEASED AND JOURNALIZED:** September 8, 2011

**ATTORNEY FOR APPELLANT**

Susan J. Moran
55 Public Square
Suite 1616
Cleveland, Ohio 44113-1901


**ATTORNEYS FOR APPELLEE**

William D. Mason
Cuyahoga County Prosecutor

By: Nick Giegerich
Assistant County Prosecutor
8th Floor, Justice Center
1200 Ontario Street
Cleveland, Ohio 44113


COLLEEN CONWAY COONEY, J.:

{¶ 1} Defendant-appellant, Deborah Washington ("Washington"), appeals her conviction and sentence after pleading guilty to attempted engaging in a pattern of corrupt activity, a third degree felony. We find no merit to the appeal and affirm.

{¶ 2} Washington was charged with a second degree felony of engaging in a pattern of corrupt activity. The indictment alleged that she and 17 codefendants submitted false documents to obtain mortgage loans. Washington claims her court-appointed counsel never discussed the merits of the State's case with her but recommended she plead guilty to a reduced charge because she would most likely receive community control sanctions in lieu of prison.

{¶ 3} Washington pled guilty to an amended charge, and the court continued the sentencing for a presentence investigation report. At the sentencing hearing, Washington denied knowing that any fraudulent documents had been submitted to mortgage companies, and the court offered to allow her to withdraw her plea. Neither she nor her counsel requested to withdraw the plea. At the conclusion of the hearing, the court imposed the minimum sentence of one year in prison but stayed execution of the sentence until Washington completed chemotherapy treatment. Washington now appeals, raising three assignments of error.

<u>Ineffective Assistance of Counsel and the Guilty Plea</u>

{¶ 4} In her first assignment of error, Washington argues that she did not enter her guilty plea knowingly, intelligently, and voluntarily because her counsel failed to effectively assist her prior to pleading guilty. In her third

assignment of error, she contends she was deprived of her constitutional right to the effective assistance of counsel. We address these two assigned errors together.

{¶ 5} In a claim of ineffective assistance of counsel, the burden is on the defendant to establish that counsel's performance fell below an objective standard of reasonable representation and that the deficient performance prejudiced the defense. *State v. Madrigal*, 87 Ohio St.3d 378, 388-389, 2000-Ohio-448, 721 N.E.2d 52, citing *Strickland v. Washington* (1984), 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674. A guilty plea waives a defendant's claim of ineffective assistance of counsel except to the extent that the alleged ineffectiveness may have caused the guilty plea to be less than knowing, intelligent, and voluntary. *State v. Barnett* (1991), 73 Ohio App.3d 244, 249, 596 N.E.2d 1101; *State v. Smith*, Cuyahoga App. No. 85616, 2005-Ohio-4702, at ¶14.

{¶ 6} A guilty plea must be made knowingly, voluntarily, and intelligently or it is void. *State v. Sarkozy,* 117 Ohio St.3d 86, 2008-Ohio-509, 881 N.E.2d 1224, ¶7. In assessing the voluntariness of a plea, this court must consider all of the relevant circumstances surrounding it. *Brady v. United States* (1970), 397 U.S. 742, 749, 90 S.Ct. 1463, 25 L.Ed.2d 747. To establish ineffective assistance of counsel in the context of a guilty plea, a defendant must show that (1) counsel's performance was deficient, and (2) there is a reasonable probability that, but for counsel's errors, the defendant

would not have pleaded guilty, and instead would have insisted on going to trial. *Hill v. Lockhart* (1985), 474 U.S. 52, 106 S.Ct. 366, 88 L.Ed.2d 203. In other words, by pleading guilty, a defendant waives the right to claim ineffective assistance of counsel, "except to the extent the defects complained of caused the plea to be less than knowing and voluntary." *Barnett* at 249.

{¶ 7} Washington contends her trial counsel was ineffective because, despite her repeated requests, he never met with her to discuss the evidence in the case or any potential defenses prior to the plea hearing. She further claims that she was "under great duress" because she was scheduled for cancer surgery in the near future and she had recently been told that her prognosis was "not promising." She maintains "the record reveals that she did not understand that to which she was accused and convicted." The record, however, does not support her arguments.

{¶ 8} During the Crim.R. 11(C) colloquy, the court specifically asked Washington if she was entering her plea knowingly and voluntarily and she replied, "Yes, sir." When the court asked her: "Do you have any questions that you would care to ask me about what is going on here today?" she relied, "No, sir." Thus, the court afforded Washington the opportunity to inform the court that she did not have a meaningful discussion with her counsel prior to the plea hearing and she denied having any doubts about pleading guilty.

She never mentioned any distress about her recent cancer diagnosis or her scheduled surgery. She received a stay of her sentence so she could complete her chemotherapy. She informed the court that she was entering her plea knowingly, intelligently, and voluntarily. The court informed her at the plea hearing that she faced one to five years in prison.

{¶ 9} Washington argues that because she asserted her innocence and claimed she was ignorant of any wrongdoing at the sentencing hearing, the record demonstrates that she did not enter her plea knowingly and voluntarily. However, the trial court considered her denials of knowledge of all the facts and determined she lacked credibility. After initially denying knowledge of any fraudulent misconduct, Washington admitted that she asked her accountant to combine her income with her father's income to obtain better credit. Although she denied knowing this was illegal, she admitted that her father is an aged individual who is unemployed and that Washington was his caregiver. The court noted that it had previously sentenced Washington's father for his participation in the scheme and that his presentence investigation report indicated he had no verifiable income. The court also noted that Washington's father "clearly knew what he was doing," and that he had told the court that the scheme was Washington's idea.

{¶ 10} Upon further questioning, Washington acknowledged her limited participation in the scheme. She admitted she was involved in the sale of a house from her father to her son and that she obtained a profit from the sale, which she claimed went back into the business rather than into her pocket. The postal inspector informed the court that when Washington's son purchased the home from Washington's father, the title company informed her that Washington's son was out of state and unemployed. The postal inspector suggested that, based on this evidence, Washington was attempting to "flip" the property from her father to her son to receive the difference in purchase price as a profit.

{¶ 11} The State presented evidence that Washington claimed an income of $4,700 per month on mortgage documents although her tax returns indicated an income of only $2,000 per month. Her father's tax returns also indicated an income even though he was unemployed. His pay stubs were from a company called "Telemarketing, Inc.," which never existed.

{¶ 12} Under these circumstances, we agree with the trial court that Washington's claimed innocence is not credible and fails to demonstrate that she was ignorant or unknowing when she entered her guilty plea. Washington fails to demonstrate that her trial counsel's ineffectiveness caused

the plea to be less than knowing and voluntary. Therefore, the first and third assignments of error are overruled.

Sentencing

{¶ 13} In the second assignment of error, Washington argues the trial court abused its discretion by imposing a prison sentence when the sentencing guidelines supported the imposition of a community control sanction. Washington contends that the trial court abused its discretion by failing to appropriately evaluate the purposes and principles of sentencing pursuant to R.C. 2929.11 and balancing the seriousness and recidivism factors pursuant to R.C. 2929.12. We disagree.

{¶ 14} Appellate courts must apply a two-step approach when reviewing a defendant's sentence. *State v. Kalish*, 120 Ohio St.3d 23, 2008-Ohio-4912, 896 N.E.2d 124, ¶4. "First, they must examine the sentencing court's compliance with all applicable rules and statutes in imposing the sentence to determine whether the sentence is clearly and convincingly contrary to law. If this first prong is satisfied, the trial court's decision shall be reviewed under an abuse-of-discretion standard." Id.

{¶ 15} In *State v. Foster*, 109 Ohio St.3d 1, 2006-Ohio-856, 845 N.E.2d 470, the Ohio Supreme Court held that trial courts "have full discretion to impose a prison sentence within the statutory range and are no longer

required to make findings or give their reasons for imposing maximum, consecutive, or more than the minimum sentences." Id. at ¶ 100. In *Kalish*, the Supreme Court explained that although *Foster* eliminated mandatory judicial fact-finding for upward departures from the minimum, it left R.C. 2929.11 and 2929.12 intact and thus maintained the requirement that trial courts consider them at sentencing. Id. at ¶13, citing *State v. Mathis*, 109 Ohio St.3d 54, 2006-Ohio-855, 846 N.E.2d 1, ¶38.

{¶ 16} The *Kalish* court explained that R.C. 2929.11 and 2929.12 serve as an "overarching guide for trial judges to consider in fashioning an appropriate sentence" and that "trial court[s] have full discretion to determine whether the sentence satisfies the overriding purpose of Ohio's sentencing structure." Moreover, R.C. 2929.12 permits a trial court to exercise its discretion in determining whether its sentence complies with the purposes of sentencing. Id. Assuming the trial court has complied with the applicable rules and statutes, we review the sentence within the permissible statutory range for an abuse of discretion. Id.

{¶ 17} Further, the Supreme Court in *Kalish* held that even after *Foster*, "where the trial court does not put on the record its consideration of R.C. 2929.11 and 2929.12, it is presumed that the trial court gave proper

consideration to those statutes." Id. at fn. 4, citing *State v. Adams* (1988), 37 Ohio St.3d 295, 525 N.E.2d 1361, paragraph three of the syllabus.

{¶ 18} R.C. 2929.11(A) provides that when a trial court sentences an offender for a felony conviction it must be guided by the "overriding purposes of felony sentencing." Those purposes are "to protect the public from future crime by the offender and others and to punish the offender." R.C. 2929.11(B) states that a felony sentence "must be reasonably calculated to achieve the purposes set forth under R.C. 2929.11(A), commensurate with and not demeaning to the seriousness of the crime and its impact on the victim, and consistent with sentences imposed for similar crimes committed by similar offenders." R.C. 2929.12 sets forth factors concerning the seriousness of the offense and recidivism factors.

{¶ 19} Because Washington pleaded guilty to a third degree felony, a one-year prison term falls within the range set forth in R.C. 2929.14(A)(3). There is no presumption in favor of community control sanctions. R.C. 2929.13(C). The court informed her at her plea hearing that she faced a prison sentence of one to five years. Therefore, Washington's sentence is consistent with Ohio sentencing laws.

{¶ 20} The trial court properly considered the factors in R.C. 2929.12 and adhered to the purposes and principles of sentencing set forth in R.C. 2929.11.

At the sentencing hearing, the court noted that Washington showed no remorse for her crimes but attempted to minimize her culpability and blame the crime on other people. The court also noted that Washington had a prior felony conviction for a theft offense. Thus, although the court is no longer required to make findings on the record to justify its sentence, the record demonstrates that the court considered the applicable factors and principles contained in R.C. 2929.11 and 2929.12, including recidivism factors and the need to punish the offender. Accordingly, we find no abuse of discretion in the minimum sentence of one year in prison.

{¶ 21} The second assignment of error is overruled.

{¶ 22} Judgment affirmed.

It is ordered that appellee recover of appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to

Rule 27 of the Rules of Appellate Procedure.


_____
COLLEEN CONWAY COONEY, JUDGE

MARY J. BOYLE, P.J., and
SEAN C. GALLAGHER, J., CONCUR