The STATE of Ohio, Appellee,

v.

TULL, Appellant.

[Cite as State v. Tull, 168 Ohio App.3d 54, 2006-Ohio-3365.]

Court of Appeals of Ohio,
Second District, Miami County.

No. 05CA24.

Decided June 30, 2006.

James D. Bennett, for appellee.

Mark Jeffrey Babb, for appellant.

VALEN, Judge.

{¶ 1} Defendant, Christopher Tull, appeals from his conviction and sentence for nonsupport of his dependents.

{¶ 2} Defendant was indicted on one count of nonsupport of his dependents, R.C. 2919.21(B), a felony of the fifth degree. Defendant entered a no-contest plea to the charge and was found guilty. Defendant failed to appear for sentencing, and a warrant was issued for his arrest. Defendant was subsequently arrested and appeared for sentencing on April 4, 2005.

{¶ 3} At the sentencing hearing, defendant asked to withdraw his no-contest plea. As his reason for wanting to withdraw his plea, defendant attempted to argue that he had a defense to the nonsupport charge, i.e., his inability to pay the court-ordered amount of child support because his income is insufficient to meet that obligation. The trial court refused to consider that argument as a valid reason for withdrawing defendant's plea, stating that the amount of defendant's child-support obligation is a matter that pertains only to the domestic-relations court and can be changed only by that court and that it is not an important factor in this criminal case. The trial court overruled defendant's motion to withdraw his plea and sentenced defendant to the maximum allowable 12–month prison term.

{¶ 4} We granted defendant leave to file a delayed appeal. Defendant challenges only the trial court's decision overruling his motion to withdraw his plea.

## FIRST ASSIGNMENT OF ERROR

{¶ 5} "The trial court erred and abused its discretion by not allowing the defendant to withdraw his no contest plea when the defendant produced some evidence that he may have an absolute defense to the offense."

{¶ 6} Defendant argues that the trial court abused its discretion in denying his presentence motion to withdraw his no-contest plea. Specifically, defendant complains that the trial court did not give full and fair consideration to his plea-withdrawal request when it refused to consider his argument that the court-ordered child support exceeds his income, which may constitute an affirmative defense to the charge of felony nonsupport. R.C. 2919.21(D).

{¶ 7} In *State v. Andriacco*, Miami App. No. 05CA3, 2005-Ohio-5572, 2005 WL 2697285, this court observed:

{¶ 8} "A defendant's motion to withdraw a guilty plea, made before sentencing, should be freely and liberally granted, provided the movant demonstrates a reasonable and legitimate basis for the withdrawal. *State v. Xie* (1992), 62 Ohio St.3d 521[, 584 N.E.2d 715]. The decision whether to grant or deny a

presentence request to withdraw a guilty plea is a matter resting within the trial court's sound discretion. Id. Such decisions will not be disturbed on appeal absent a showing that the trial court abused its discretion; that is, acted in an unreasonable, arbitrary, unconscionable manner. *Id.* No abuse of discretion is demonstrated where: (1) the accused is represented by highly competent counsel, (2) the accused was afforded a full hearing, pursuant to Crim.R. 11, before entering the plea, (3) after the motion to withdraw is filed the accused is given a complete and impartial hearing on the motion, and (4) the record reveals that the trial court gave full and fair consideration to the plea withdrawal request. *State v. Peterseim* (1980), 68 Ohio App.2d 211, 22 O.O.3d 341[, 428 N.E.2d 863]." Id. at ¶ 11.

{¶ 9} Just prior to being sentenced, defendant asked to withdraw his no-contest plea and proceed to trial. As his reason for wanting to withdraw his plea, defendant told the trial court, albeit in a rambling fashion that involved a recitation of the history of defendant's child-support obligation, that he was unable to provide the court-ordered child support because that obligation exceeds his income and what he has the ability and means to pay. The trial court refused to even consider that argument as a legitimate basis for withdrawing defendant's plea, telling defendant that the amount of his child-support obligation is a matter of concern only in domestic-relations court, not in the criminal case, and that in any event, the court could not change the amount of defendant's child support, only the domestic-relations court could do that. When defense counsel pointed out to the trial court that what defendant was trying to articulate was that his inability to pay might constitute a defense to the felony nonsupport charge, the trial court was unrelenting in its refusal to consider defendant's argument, reiterating that the amount of defendant's support and his ability to pay it is a domestic-relations matter that the court could not address in the criminal case.

{¶ 10} R.C. 2919.21(D) provides:

{¶ 11} "It is an affirmative defense to a charge of failure to provide adequate support under division (A) of this section or a charge of failure to provide support established by a court order under division (B) of this section that the accused was unable to provide adequate support or the established support but did provide the support that was within the accused's ability and means."

{¶ 12} In deciding a presentence motion to withdraw a guilty or no-contest plea, the trial court should consider, in addition to the *Peterseim* factors, whether defendant has a meritorious defense to the charges. *State v. Fish* (1995), 104 Ohio App.3d 236, 240, 661 N.E.2d 788; *Peterseim,* 68 Ohio App.2d 211, 22 O.O.3d 341, 428 N.E.2d 863.

{¶ 13} We have examined the colloquy between defendant and the trial court at the sentencing hearing relative to defendant's request to withdraw his no-contest plea. The basis for defendant's request was his claimed inability to pay the court-ordered child support because his income is not sufficient. Defendant asserts that he has in the past and continues to be willing to provide a reasonable amount of support that is within his ability and means to pay. In other words, as a reason for wanting to withdraw his plea, defendant was trying to assert that he has a meritorious defense to present to the charge of nonsupport of his dependents in accordance with R.C. 2919.21(D). If true, that certainly constitutes a reasonable and legitimate basis for withdrawal of defendant's plea.

{¶ 14} The trial court refused, however, to even consider defendant's argument, reasoning that the amount of defendant's child support and his ability to meet that obligation are matters of concern only to the domestic-relations court and they could not be addressed by the court in the criminal case. That reasoning is not only incorrect but also constitutes an abuse of discretion given that defendant's proffered reason for wanting to withdraw his plea constitutes an affirmative defense to the nonsupport charge. To the extent that defendant's inability to pay the court-ordered child support because he lacks the ability or means to meet that obligation may constitute a defense to the charge of nonsupport per R.C. 2919.21(D), the trial court did not give full and fair consideration to defendant's plea-withdrawal request and, accordingly, abused its discretion by refusing to consider and address the merits of defendant's argument. Defendant's ability to pay the court-ordered support is not exclusively a matter for the domestic-relations court but rather is a critical consideration in establishing the affirmative defense to nonsupport charges set forth in R.C. 2919.21(D).

{¶ 15} The assignment of error is sustained. The judgment of the trial court is reversed, and the cause is remanded to the trial court for reconsideration of defendant's plea-withdrawal request consistent with this opinion. In considering the merits of defendant's reason for wanting to withdraw his plea and whether he has established that he has a meritorious defense to present in accordance with R.C. 2919.21(D), the trial court may, if it deems it necessary, take additional evidence on that matter.

Judgment reversed.

WOLFF and FAIN, JJ., concur.

ANTHONY VALEN, J., retired, of the Twelfth District Court of Appeals, sitting by assignment.