[Cite as *E. Cleveland v. Brown*, 2012-Ohio-4722.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
No.   97878

# CITY OF EAST CLEVELAND

PLAINTIFF-APPELLEE

vs.

# MARILYN BROWN

DEFENDANT-APPELLANT

## JUDGMENT:
## REVERSED AND REMANDED

Criminal Appeal from the
East Cleveland Municipal Court
Case No.   11 CRB 01271

**BEFORE:**   Keough, J., Jones, P.J., and E. Gallagher, J.

**RELEASED AND JOURNALIZED:**   October 11, 2012

**ATTORNEY FOR APPELLANT**

Erin R. Flanagan
Erin R. Flanagan, Esq., Ltd.
75 Public Square
Suite 920
Cleveland, OH 44113

**ATTORNEY FOR APPELLEE**

Michael D. Winston
Prosecutor, City of East Cleveland
14340 Euclid Avenue
East Cleveland, OH 44112

KATHLEEN ANN KEOUGH, J.:

{¶1} Defendant-appellant, Marilyn Brown ("Brown"), appeals her conviction in the East Cleveland Municipal Court. For the reasons that follow, we reverse her conviction and remand for further proceedings.

{¶2} In November 2011, Brown was charged with assault in violation of East Cleveland Codified Ordinances 537.03, a first-degree misdemeanor, following an incident with an RTA bus driver. At the December trial, Brown pled no contest to an amended charge of disorderly conduct in violation of Cod. Ord. 509.03. She was sentenced to a fine of $150 plus court costs, 90 days in jail, suspended, and one year of active probation with no contact with the victim. The court also ordered mental health and alcohol assessments.

{¶3} Brown now appeals, contending in her sole assignment of error that "the trial court insufficiently recorded the proceedings as against [her] and, therewith, infringed her appellate rights." Within this assigned error, Brown argues that the trial court failed to comply with Crim.R. 11 and failed to advise her of postrelease control.

{¶4} We find no merit to Brown's challenge that her plea must be vacated because the trial court did not advise her of postrelease control. Brown pled no contest to a misdemeanor; therefore, the trial court was not required to advise her regarding postrelease control because postrelease control does not apply to misdemeanor

convictions. *See* R.C. 2967.28; *see generally State v. Smith*, 8th Dist. No. 81344, 2003-Ohio-3251.

**{¶5}** We do, however, find some merit to Brown's argument that the trial court did not comply with Crim.R. 11 when it accepted her plea and did not ensure that she was making her plea knowingly, intelligently, and voluntarily.

**{¶6}** A trial court's obligations in accepting a plea depends on the level of the offense to which the defendant is pleading. *N. Royalton v. Semenchuk*, 8th Dist. No. 95357, 2010-Ohio-6197, ¶ 7, citing *State v. Watkins*, 99 Ohio St.3d 12, 2003-Ohio-2419, 788 N.E.2d 635, ¶ 25.

**{¶7}** Crim.R. 2(D) defines a "petty offense" as "a misdemeanor other than a serious offense." A "serious offense" is "any felony, and any misdemeanor for which the penalty prescribed by law includes confinement for more than six months." Crim.R. 2(C). Brown pled no contest to disorderly conduct, a misdemeanor of the first degree, punishable by a maximum sentence of six months. R.C. 2929.24(A)(1). Thus, disorderly conduct is a petty offense.

**{¶8}** Pleas for petty offenses are governed by Crim.R. 11(E). In accepting pleas for petty offenses, a trial court is only required to advise the defendant, either orally or in writing, of the effect of the specific plea being entered. *State v. Jones*, 116 Ohio St.3d 211, 2007-Ohio-6093, 877 N.E.2d 677, paragraph one of the syllabus, and ¶ 23.

**{¶9}** Crim.R. 11(B)(2), regarding the effect of a no contest plea, states that "the plea of no contest is not an admission of defendant's guilt, but is an admission of the truth

of the facts alleged in the indictment, information, or complaint, and the plea or admission shall not be used against the defendant in any subsequent civil or criminal proceeding." Thus, the trial court in this case was required to advise Brown, either orally or in writing, and prior to accepting her no contest plea, of the language contained in Crim.R. 11(B)(2). *Solon v. Bollin-Booth*, 8th Dist. No. 97099, 2012-Ohio-815, ¶ 17, citing *Jones* at ¶ 23.

{¶10} To determine whether the trial court complied with Crim.R. 11(B)(2), we look to the record. Although Crim.R. 22 does not require the recording of proceedings involving petty offenses, the proceedings in this case were partially recorded. The transcript provided to this court picks up in the middle of a colloquy between Brown and the trial court where Brown stated that it was recommended that she plead no contest and the court acknowledged that she was better off pleading to a disorderly conduct than to an assault. Thereafter, the trial court imposed its sentence and additional discussion occurred between Brown, the trial court, and the victim. At no time during the plea proceedings did the trial court advise Brown of the effect of her no contest plea.

{¶11} Because only a partial transcript exists and the transcript does not indicate that Brown was made aware of the effect of her no contest plea, we look to the court file and journal entries to see if Brown was advised "in writing" of the effect of her no contest plea. The record contains an enumerated form dated December 15, 2011 and signed by

the defendant, "defendant's attorney,"[1] the prosecuting attorney, and the judge. Under numeral "1," "Pleas," the preprinted form provides:

> Attorney has advised the Defendant of all of his/her constitutional rights (as set forth in Ohio Criminal Rule 10) and is satisfied that he/she understands those rights and hereby knowingly, intelligently, and voluntarily waives those rights and pleads as follows: * * *

{¶12} We find this form insufficient to satisfy a trial court's obligation under Crim.R. 11, when accepting a no contest or guilty plea. Pleas are governed by Crim.R. 11, not Crim.R. 10, which govern arraignments. Therefore, any advisement of constitutional rights under Crim.R. 10 is inadequate when accepting a no contest or guilty plea.

{¶13} Moreover, as previously stated, when a accepting a plea to a petty offense, the judge must advise the defendant of the effect of the plea. Nowhere on the form does it advise Brown of the effect of her plea, which in this case would be: that "the plea of no contest is not an admission of defendant's guilt, but is an admission of the truth of the facts alleged in the indictment, information, or complaint, and the plea or admission shall not be used against the defendant in any subsequent civil or criminal proceeding." Crim.R. 11(B)(2).

{¶14} The City argues that Brown has the burden of providing the reviewing court with a complete record, and a court will generally presume regularity in a trial court's actions in the absence of a transcript for review. However, a reviewing court cannot

---

[1] The record does not indicate the name of Brown's attorney. Moreover, the partial transcript does not indicate that Brown was represented by counsel when she entered her plea.

presume from a silent record that a defendant enters a guilty plea knowingly, intelligently, and voluntarily. *In re Raypole*, 12th Dist. Nos. CA2002-01-001 and CA2002-01-002, 2003-Ohio-1066, ¶ 32, citing *Boykin v. Alabama*, 395 U.S. 238, 242-244, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969). Moreover, Brown's failure to provide a complete transcript was not due to her or her counsel's failure to provide the transcript because a complete transcript does not exist, and an App.R. 9(C) statement would not add any additional information for this court to consider. *See N. Randall v. Withrow*, 8th Dist. No. 94574, 2011-Ohio-1675, ¶ 19-20. The issue is whether the trial court advised Brown of the effect of her no contest plea, and the City has not pointed to anything in the record to rebut Brown's assertion that the trial court did not satisfy its obligation.

**{¶15}** This court recently addressed a similar case in *E. Cleveland v. Zapo*, 8th Dist. No. 96718, 2011-Ohio-6757, wherein the record and partial transcript provided to this court did not indicate that the defendant was advised of her Crim.R. 11 rights prior to pleading no contest. In *Zapo*, this court held that because the record was devoid of any explanation of the no contest plea, there was a complete failure to comply with Crim.R. 11(E); thus, no prejudice was required to be shown by the defendant. *Id*. at ¶ 10. "'Under these same circumstances, this court has consistently recognized that such failure amounts to reversible error and requires the defendant's plea to be vacated.'" *Id*., quoting *Parma v. Pratts*, 8th Dist. No. 94990, 2011-Ohio-708, ¶ 34.

**{¶16}** We reach the same conclusion here. In this case, the record is devoid of any advisement about the effect of Brown's no contest plea as required under Crim.R.

11(E). Accordingly, Brown's plea was not made knowingly, intelligently, and voluntarily. Brown's assignment of error is sustained insofar as it incorporates her Crim.R. 11 argument raised thereunder.

{¶17} Judgment reversed and remanded for further proceedings consistent with this opinion.

It is ordered that appellant recover from appellee costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the East Cleveland Municipal Court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

KATHLEEN ANN KEOUGH, JUDGE

LARRY A. JONES, SR., P.J., and
EILEEN A. GALLAGHER, J., CONCUR