[Cite as *State v. Moore*, 2012-Ohio-5734.]

# Court of Appeals of Ohio

### EIGHTH APPELLATE DISTRICT
### COUNTY OF CUYAHOGA

### JOURNAL ENTRY AND OPINION
### No.   98132

## STATE OF OHIO

### PLAINTIFF-APPELLEE

vs.

## MICHAEL P. MOORE

### DEFENDANT-APPELLANT

## JUDGMENT:
### AFFIRMED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-548885

**BEFORE:**  Boyle, P.J., Jones, J., and Keough, J.

**RELEASED AND JOURNALIZED:**   December 6, 2012

**ATTORNEY FOR APPELLANT**

Michael H. Murphy
20325 Center Ridge Road
Suite 512
Rocky River, Ohio   44116


**ATTORNEYS FOR APPELLEE**

Timothy J. McGinty
Cuyahoga County Prosecutor
BY:   William Leland
Assistant County Prosecutor
9th Floor Justice Center
1200 Ontario Street
Cleveland, Ohio   44113

MARY J. BOYLE, P.J.:

{¶1}   Defendant-appellant, Michael Moore, appeals his conviction for attempted felonious assault, raising two assignments of error:

I.   Appellant was not afforded effective assistance of counsel.

II.   The trial court erred and abused its discretion in denying the appellant's pre-sentencing motion to withdraw his plea.

{¶2}   Finding no merit to the appeal, we affirm.

## Procedural History and Facts

**{¶3}** Moore was indicted on one count of felonious assault, in violation of R.C. 2903.11(A)(1), a felony of the second degree. In April 2011, he pleaded not guilty to the charge. On July 12, 2011 — the day of trial — and following several pretrials and the exchange of discovery, Moore ultimately withdrew his not guilty plea and pleaded guilty to an amended count of attempted felonious assault, a felony of the third degree. The trial court accepted his guilty plea and set sentencing for August 17, 2011. The sentencing hearing was then continued until August 21, 2011. Moore, however, failed to appear for sentencing, and a warrant was subsequently issued for his arrest.

**{¶4}** Nearly six months later, Moore was apprehended and then subsequently brought to court for sentencing on February 24, 2012. At sentencing, Moore was represented by new counsel that Moore had retained the day before sentencing. At the sentencing hearing, Moore's new counsel indicated that he had filed a motion to withdraw the previously entered guilty plea. The basis for the motion was that he was recently retained and needed more time to review the transcript of the guilty plea and the state's discovery. The trial court denied the motion and proceeded to sentencing.

**{¶5}** The trial court ultimately imposed a three-year prison term and informed Moore that he was subject to three years mandatory postrelease control.

## Ineffective Assistance of Counsel

{¶6} In his first assignment of error, Moore argues that his original trial counsel was ineffective for failing to respond to his telephone calls and to file a motion to withdraw his guilty plea on his behalf. We find that this argument has no merit.

{¶7} To establish ineffective assistance of counsel, a defendant must show (1) deficient performance by counsel, i.e., performance falling below an objective standard of reasonable representation, and (2) prejudice, i.e., a reasonable probability that but for counsel's errors, the proceeding's result would have been different. *Strickland v. Washington*, 466 U.S. 668, 687-688, 694, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); *State v. Bradley*, 42 Ohio St.3d 136, 538 N.E.2d 373 (1989), paragraphs two and three of the syllabus. There is a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance, and that strategy and tactical decisions exercised by defense counsel are well within the range of professionally reasonable judgment. *Strickland* at 699.

{¶8} Aside from the fact that the record contains no evidence to support Moore's allegations, the allegations alone fail to satisfy either prong of the *Strickland* test. The gravamen of Moore's allegation is that his trial counsel was deficient for not filing a motion to withdraw his guilty plea earlier. But the record reveals that Moore failed to appear for his scheduled hearing and was capias for nearly six months. Thus, the alleged untimeliness of any motion to withdraw is directly related to Moore's actions and cannot be blamed on his

original trial counsel.

{¶9} Further, the record clearly supports that Moore's plea was knowingly, voluntarily, and intelligently made. The trial court fully complied with Crim.R. 11 prior to accepting Moore's guilty plea. And Moore expressly acknowledged that he was not induced to enter his plea by any promises or threats. Notably, Moore fails to assert a single ground as to why the trial court should have granted his motion even if it was timely filed. Instead, his only argument appears to be that he had a change of heart — such an argument is not a sufficient basis to grant a motion to withdraw a guilty plea. We, therefore, cannot say that his original trial counsel was deficient in failing to file a futile motion. *See State v. Robinson*, 108 Ohio App.3d 428, 433, 670 N.E.2d 1077 (3d Dist.1996) (trial counsel is not deficient in choosing not to file a futile motion).

{¶10} The first assignment of error is overruled.

Withdrawal of Guilty Plea

{¶11} In his second assignment of error, Moore argues that the trial court abused its discretion in denying his presentence motion to withdraw his guilty plea. We disagree.

{¶12} Generally, a motion to withdraw a guilty plea made before sentencing should be freely and liberally granted. *State v. Xie*, 62 Ohio St.3d 521, 527, 584 N.E.2d 715 (1992). A defendant does not, however, have an absolute right to withdraw his plea before sentencing.

*Id.* at paragraph one of the syllabus. The trial court is required to "conduct a hearing to determine whether there is a reasonable and legitimate basis for the withdrawal of the plea." *Id.* Following the hearing, the trial court's decision to grant or deny a motion to withdraw a plea will be upheld absent an abuse of discretion. *Id.* at 527.

> No abuse of discretion is demonstrated where: (1) the accused is represented by highly competent counsel, (2) the accused was afforded a full hearing, pursuant to Crim.R. 11, before entering the plea, (3) after the motion to withdraw is filed the accused is given a complete and impartial hearing on the motion, and (4) the record reveals that the trial court gave full and fair consideration to the plea withdrawal request.

*State v. Tull*, 168 Ohio App.3d 54, 2006-Ohio-3365, 858 N.E.2d 828, ¶ 8 (2d Dist.), citing *State v. Peterseim*, 68 Ohio App.2d 211, 428 N.E.2d 863 (8th Dist.1980).

**{¶13}** This court has further recognized that these factors have been expanded to include:

> (5) whether the court gave full and fair consideration to the motion; (6) whether the motion was made in a reasonable time; (7) whether the motion states specific reasons for withdrawal; (8) whether the accused understood the nature of the charges and the possible penalties; and (9) whether the accused was perhaps not guilty or had a complete defense.

(Citation and quotation omitted.) *State v. Robinson*, 8th Dist. No. 89651, 2008-Ohio-4866, ¶ 23.

**{¶14}** Applying these standards, we cannot say that the trial court abused its discretion in denying Moore's motion to withdraw his guilty plea. At the hearing, Moore's new counsel did not raise any issues regarding the competency of Moore's original counsel or any

other valid ground to vacate the guilty plea. The only basis identified in his motion was that he had obtained new counsel and that the new counsel wanted more time to review Moore's plea. This, however, is not a sufficient basis to vacate the plea. Moreover, to the extent that Moore's new counsel wanted additional time to obtain discovery, the record reveals that the original counsel received full discovery prior to negotiating the plea. Here, Moore's motion to vacate was nothing more than a delay tactic or a change of heart. Given that Moore had already delayed the proceedings considerably by fleeing the court's jurisdiction, we find that the trial court reasonably denied his motion.

{¶15} The second assignment of error is overruled.

{¶16} Judgment affirmed.

It is ordered that appellee recover of appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

MARY J. BOYLE, PRESIDING JUDGE

LARRY A. JONES, SR., J., and
KATHLEEN ANN KEOUGH, J., CONCUR