[Cite as *Cleveland v. Mayfield*, 2014-Ohio-3712.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 100494**

## CITY OF CLEVELAND

PLAINTIFF-APPELLEE

vs.

## TYRONE M. MAYFIELD

DEFENDANT-APPELLANT

**JUDGMENT:**
REVERSED AND REMANDED

Criminal Appeal from the
Cleveland Municipal Court
Case No. 2013 CRB 026149

**BEFORE:** Boyle, A.J., Rocco, J., and McCormack, J.

**RELEASED AND JOURNALIZED:** August 28, 2014

**ATTORNEY FOR APPELLANT**

Gregory T. Stralka
6509 Brecksville Road
P.O. Box 31776
Independence, Ohio   44131


**ATTORNEYS FOR APPELLEE**

Timothy J. McGinty
Cuyahoga County Prosecutor
BY: Aric Kinast
Assistant County Prosecutor
Justice Center, 8th Floor
1200 Ontario Street
Cleveland, Ohio   44113

MARY J. BOYLE, A.J.:

{¶1} Defendant-appellant, Tyrone Mayfield, appeals his conviction for attempted assault, a second-degree misdemeanor, arguing that his conviction is void because he never actually entered a plea to support the conviction. He further argues, in the alternative, that the trial court abused its discretion in denying his presentence motion to vacate his plea. Finding merit to the appeal, we reverse Mayfield's conviction, vacate his plea, and remand for further proceedings.

## Procedural History and Facts

{¶2} In August 2013, Mayfield was charged with assault, a violation of Cleveland Codified Ordinance ("C.C.O.") 621.03, and menacing, a violation of C.C.O. 621.07. On September 16, 2013, the trial court held a change of plea hearing, where Mayfield allegedly entered a no contest plea to an amended charge of attempted assault. The trial court sentenced Mayfield to 90 days in jail (with 77 days suspended and 13 days credited for time already served), three years probation, and a $750 fine (with $500 suspended). The court further ordered Mayfield to have no contact with the victim.

{¶3} Mayfield appeals, raising the following two assignments of error:

I. Appellant's conviction is void as he never entered a change of plea to the amended charge.

II. Appellant was deprived of his right to a trial when the trial court refused to allow him to withdraw his plea prior to sentencing.

## No Contest Plea

**{¶4}** In his first assignment of error, Mayfield argues that his conviction is void because he never actually entered a change of plea, namely, a "no contest" plea. He further contends that, even if this court found that he entered a plea of "no contest," such plea is fatally flawed because the trial court never advised him of the effect of his plea.

**{¶5}** Initially, we note that the offense at issue in this case — attempted assault — is a misdemeanor of the second degree as provided within C.C.O. 601.08 and 621.03. Under Crim.R. 2(D), the offense constitutes a petty offense, as opposed to a serious offense, because it carries only the possibility of 90 days in jail. *See* R.C. 2929.24(A)(2).

**{¶6}** A trial court's obligations in accepting a plea depends on the level of the offense to which the defendant is pleading. *State v. Watkins*, 99 Ohio St.3d 12, 2003-Ohio-2419, 788 N.E.2d 635, ¶ 25. With respect to pleas for petty offenses, a trial court is required *only* to advise the defendant, either orally or in writing, of the effect of the specific plea being entered. *State v. Jones*, 116 Ohio St.3d 211, 2007-Ohio-6093, 877 N.E.2d 677, paragraph one of the syllabus and ¶ 23; *see also* Crim.R. 11(E) (rule instructs the court that it "may refuse to accept a plea of guilty or no contest, and shall not accept such pleas without first informing the defendant of the effect of the plea of guilty, no contest, and not guilty").

**{¶7}** Crim.R. 11(B)(2) contains the specific instruction that a court must provide a defendant when informing the defendant of the effect of a no contest plea. *Cleveland v. Brown*, 8th Dist. Cuyahoga No. 97878, 2012-Ohio-4722, ¶ 9. The rule states that "[t]he

plea of no contest is not an admission of defendant's guilt, but is an admission of the truth of the facts alleged in the indictment, information, or complaint, and the plea or admission shall not be used against the defendant in any subsequent civil or criminal proceeding." Thus, the trial court in this case was required to advise Mayfield, either orally or in writing, and prior to accepting his no contest plea, of the language contained in Crim.R. 11(B)(2). *Id.*, citing *Solon v. Bollin-Booth*, 8th Dist. Cuyahoga No. 97099, 2012-Ohio-815, ¶ 17.

{¶8} Here, the record reveals that the trial court never informed Mayfield, either orally or in writing, of the effect of a no contest plea. The city concedes this point but argues that Mayfield has failed to demonstrate prejudice. This court, however, has consistently recognized that when the record is devoid of any explanation of the no contest plea, there is a complete failure to comply with Crim.R. 11(E) and therefore, no prejudice analysis is necessary. *E.g.*, *Brown* at ¶ 15; *E. Cleveland v. Zapo*, 8th Dist. Cuyahoga No. 96718, 2011-Ohio-6757; *Parma v. Pratts*, 8th Dist. Cuyahoga No. 94990, 2011-Ohio-708; *Parma v. Buckwald*, 8th Dist. Cuyahoga Nos. 92354 and 92356, 2009-Ohio-4032. We have further recognized "that such failure amounts to reversible error and requires the defendant's plea to be vacated." *Brown* at ¶ 15; *Zapo* at ¶ 10; *Pratts* at ¶ 34. Thus, even if we accepted that the colloquy between the trial court and Mayfield sufficiently evidenced that Mayfield entered a no contest plea to the amended charge, we find that his plea must still be vacated because of the trial court's failure to inform him of the effect of his plea.

{¶9} The first assignment of error is sustained.

## Motion to Withdraw Plea

{¶10} In his second assignment of error, Mayfield argues that the trial court abused its discretion in denying his presentence motion to withdraw his plea without first hearing the basis of his motion. The city counters that Mayfield never filed any motion and seemed to have abandoned his desire for a trial after "discussion and disposition of the sentence."

{¶11} In this case, it is undisputed that Mayfield moved to withdraw his guilty plea prior to the trial court imposing any sentence. Mayfield's motion therefore is a presentence motion to withdraw his guilty plea.

{¶12} Generally, a motion to withdraw a guilty plea made before sentencing should be freely and liberally granted. *State v. Xie*, 62 Ohio St.3d 521, 527, 584 N.E.2d 715 (1992). A defendant does not, however, have an absolute right to withdraw his plea before sentencing. *Id.* at paragraph one of the syllabus. The trial court is required to "conduct a hearing to determine whether there is a reasonable and legitimate basis for the withdrawal of the plea." *Id.* Following the hearing, the trial court's decision to grant or deny a motion to withdraw a plea will be upheld absent an abuse of discretion. *Id.* at 527.

{¶13} No abuse of discretion is demonstrated where: (1) the accused is represented by highly competent counsel, (2) the accused was afforded a full hearing, pursuant to Crim.R. 11, before entering the plea, (3) after the motion to withdraw is filed the accused

is given a complete and impartial hearing on the motion, and (4) the record reveals that the trial court gave full and fair consideration to the plea withdrawal request. *State v. Tull*, 168 Ohio App.3d 54, 2006-Ohio-3365, 858 N.E.2d 828, ¶ 8 (2d Dist.), citing *State v. Peterseim*, 68 Ohio App.2d 211, 428 N.E.2d 863 (8th Dist.1980).

{¶14} The record reveals that, immediately after accepting Mayfield's no contest plea, the trial court discussed Mayfield's current probation status, including the fact that the underlying case violates the terms of his current probation. At that point, Mayfield requested to be heard by the court, and his trial counsel addressed the court, indicating that Mayfield wanted a trial in this case. Specifically, the following exchange took place:

DEFENSE COUNSEL: He just told me he wants a trial, judge.

THE COURT: What?

PROSECUTOR: He's already been convicted.

DEFENSE COUNSEL: He just told me he wants a trial so I'll let you know what he said.

THE COURT: Didn't you just enter a plea on his behalf?

DEFENSE COUNSEL: Yeah. Now he just whispers to me he wants a trial. I just want to let you know what he did. But he said —

PROSECUTOR: We're past that, Your Honor, we're already at the sentencing phase. He's already been convicted. The fact that he wants to — that he sees he violated probation he wants a [sic] have a trial. Too late for that. He's already been convicted. You accepted this plea.

THE COURT: Anything you want to say [defense counsel]?

DEFENSE COUNSEL: Well I think we probably should've told him

ahead of time before he pled that it might be a violation of his probation, judge, now that I think about it.

{¶15} The trial court, however, never heard from Mayfield as to the basis for his desire to withdraw his plea prior to proceeding to sentencing. Nor did the trial court specifically inquire of defense counsel as to the grounds for such a motion. And while no written motion was filed, Mayfield's oral motion was sufficient to raise the issue with the court. The need for a hearing on such a motion is most compelling in a case like this where the plea colloquy was lacking and the defendant moved to withdraw his plea almost immediately after entering it. Aside from not hearing from Mayfield regarding his desire to go to trial, we cannot say that the trial court gave "full and fair consideration to the plea withdrawal request" when it did not even expressly rule on the motion. *See Tull* at ¶ 8.

{¶16} Based on this record, the trial court therefore abused its discretion in denying Mayfield's presentence motion to vacate his plea. We cannot presume that Mayfield abandoned his motion simply because he did not raise the motion a second time after the trial court proceeded to sentencing. The second assignment of error is sustained.

{¶17} But having already found that Mayfield's plea was invalid, the trial court no longer needs to consider Mayfield's motion to withdraw his plea because this court has ordered that the plea must be vacated.

**{¶18}** Judgment reversed, plea vacated, and case remanded for further proceedings consistent with this opinion.

It is ordered that appellant recover from appellee the costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the Cleveland Municipal Court to carry this judgment into execution

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____

MARY J. BOYLE, ADMINISTRATIVE JUDGE

TIM McCORMACK, J., CONCURS;
KENNETH A. ROCCO, J., CONCURS (WITH SEPARATE OPINION)
KENNETH A. ROCCO, J., CONCURRING:

**{¶19}** I concur with the majority's well-reasoned opinion, and write separately to raise two additional concerns about what took place at the change of plea hearing. First, I question whether Mayfield even entered a plea in the first place because he never uttered the words, "no contest" during the hearing. Instead, the following discussion took place at the hearing:

> THE COURT: Mr. Mayfield, you're withdrawing your previous plea of not guilty entering a plea of no contest to the assault as amended * * * making it a misdemeanor of the second degree. And in consideration of that plea, the city is dismissing the remaining offense, menacing. Is that your understanding of your plea today?
>
> MAYFIELD: Yes, ma'am.

Mayfield argued that because he did not affirmatively state that he was pleading no contest, he never actually entered a plea at the hearing. I would tend to agree.

{¶20} Second, I take issue with remarks made by the prosecutor at the hearing. The majority opinion points to an exchange made between defense counsel, the court, and the prosecutor. When defense counsel told the court that Mayfield wanted a trial, the prosecutor stated, "We're past that, Your Honor, we're already at the sentencing phase. He's already been convicted. The fact that he wants to — that he sees he violated probation he wants a [sic] have a trial. Too late for that. He's already been convicted. You accepted his plea." Maj. Op. at ¶ 14, quoting hearing transcript. The prosecutor misstated the law because the general rule is that a motion to withdraw a guilty plea made before sentencing should be freely and liberally granted. Maj. Op. at ¶ 12, citing *State v. Xie*, 62 Ohio St.3d 521, 527, 584 N.E.2d 715 (1992). The record indicates that the trial court had not yet sentenced Mayfield, and so it was not "too late" for Mayfield to request a trial. And although the trial court did not respond to the prosecutor's remarks, the trial court went on to sentence Mayfield without even considering Mayfield's request, leading one to wonder whether the prosecutor's misstatement of the law impacted on the trial court's decision to move forward with sentencing.