[Cite as *State v. Simmons*, 2016-Ohio-7709.]

# Court of Appeals of Ohio

### EIGHTH APPELLATE DISTRICT
### COUNTY OF CUYAHOGA

### JOURNAL ENTRY AND OPINION
### No. 103986

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## DERRICK W. SIMMONS

DEFENDANT-APPELLANT

## JUDGMENT:
### REVERSED AND REMANDED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-15-592847-A

**BEFORE:** E.T. Gallagher, J., Keough, P.J., and Stewart, J.

**RELEASED AND JOURNALIZED:** November 10, 2016

**ATTORNEY FOR APPELLANT**

Russell S. Bensing
1360 East 9th Street
Cleveland, Ohio 44114


**ATTORNEYS FOR APPELLEE**

Timothy J. McGinty
Cuyahoga County Prosecutor

BY:    Brian Radigan
        Kevin E. Bringman
Assistant Prosecuting Attorneys
The Justice Center, 9th Floor
1200 Ontario Street
Cleveland, Ohio 44113

EILEEN T. GALLAGHER, J.:

**{¶1}** Defendant-appellant, Derrick Simmons ("Simmons"), appeals the denial of his pro se motion to withdraw his guilty plea. He raises the following assignment of error:

> 1. The trial court erred in conducting a hearing on defendant's motion to withdraw his plea without affording defendant the right to counsel and without conducting a hearing to determine whether defendant should be allowed to represent himself.

**{¶2}** We find merit to the appeal and reverse.

## I. Facts and Procedural History

**{¶3}** Simmons was charged with one count of attempted rape, one count of gross sexual imposition, one count of kidnapping with a sexual motivation specification, and one count of felonious assault. After merger of allied offenses, Simmons faced a potential maximum prison term of 27 years if convicted of the charges in the indictment. However, the state agreed that if Simmons pleaded guilty to one count of gross sexual imposition ("GSI"), as indicted, one amended count of abduction, and one count of fifth-degree felony drug possession in a separate case, the remaining charges would be dismissed. The state conceded that the abduction and GSI merged for sentencing purposes and indicated it would elect to sentence on the GSI charge, a fourth-degree felony that carried a maximum 18-month prison term.

**{¶4}** Before accepting Simmons's change of plea, the court discussed the charges and their potential penalties and gave Simmons the option of (1) completing the

remainder of a short prison term, after accounting for time served, followed by five years of postrelease control, or (2) completing a period of community control, which required frequent sex offender reporting and a possible 18-month prison sentence if he violated the terms of his community control sanctions.

{¶5} Following a recess from the proceedings to discuss his options with counsel, Simmons accepted the state's plea offer and opted to pursue community control sanctions in lieu of the short prison term and period of postrelease control. The court conducted a Crim.R. 11 colloquy before accepting Simmons's guilty pleas, and referred Simmons to the probation department for a presentence investigation.

{¶6} Prior to sentencing, Simmons sent a letter to the court and filed a pro se motion requesting withdrawal of his guilty plea. Simmons's lawyer appeared at a hearing on the motion, and referring to the plea withdrawal request, counsel explained:

> He contacted me via phone and indicated that this was his desire. My conversation with him has been that I think that the plea agreement was reasonable and I've advised him against withdrawing his plea. I've also explained to him that it's very difficult, even though it's within the Court' discretion, because of — how you meticulously went through, explaining his rights, and you went in detail, so I told him that it is challenging but, obviously, he has a right to make his request.

Counsel further advised the court that he was not going to file a motion to withdraw Simmons's guilty plea.

{¶7} The trial court explained to Simmons that he could either terminate counsel and proceed on his motion pro se, or the court would strike his pro se motion if he intended to proceed with his counsel because Ohio law does not permit hybrid

representation.   Simmons indicated that he understood his options and terminated counsel.   Counsel expressed no objection, and was permitted to withdraw.

{¶8} In a hearing on Simmons's motion, Simmons explained:

> I was coerced.   I didn't really want to plead guilty to something I didn't do.  I felt weird.   * * *   I wouldn't have sat in here for almost a year if I was going to plead out.   I would have been trying to plead out.   I tried to make that clear to [counsel].

{¶9} After hearing arguments from both sides, the court overruled Simmons's request to withdraw his plea and sentenced him to two years of community control sanctions.   Simmons now appeals the trial court's decision requiring him to prosecute his motion to withdraw his guilty plea without counsel and without being advised of the perils of self-representation.

## II.   Law and Analysis

{¶10} In his sole assignment of error, Simmons argues the trial court violated his constitutional right to counsel by overruling his pro se motion to withdraw his guilty plea without either appointing him counsel or advising him of the perils of self-representation.

{¶11} The Sixth Amendment to the United States Constitution and  Article I, Section 10 of the Ohio Constitution provide that a criminal defendant, who faces the possibility of prison, shall have the right to the assistance of counsel in his defense.   *State v. Tymcio*, 42 Ohio St.2d 39, 43, 325 N.E.2d 556 (1975).   A defendant's right to the assistance of counsel attaches at all "critical stages" of criminal proceedings.   *United States v. Wade*, 388 U.S. 218, 87 S.Ct. 1926, 18 L.Ed.2d 1149 (1967).

{¶12} Ohio courts have held that a criminal defendant has a right to counsel at a hearing on a presentence motion to withdraw a guilty plea because such a hearing is a critical stage of litigation. *State v. Emerson*, 5th Dist. Richland No. 14 CA 79, 2015-Ohio-2121, ¶ 25, *State v. Strickland*, 2d Dist. Montgomery No. 25673, 2014-Ohio-5451, ¶ 15 (a criminal defendant is entitled to appointed counsel at a hearing on a presentence motion to withdraw a guilty plea because he or she is entitled to counsel at each critical stage of the proceeding.); *see also State v. Meadows*, 6th Dist. Lucas No. L-05-1321, 2006-Ohio-2622, ¶ 11. Therefore, Simmons had a constitutional right to counsel at the hearing on his motion to withdraw his plea.

{¶13} Simmons discharged his trial counsel and proceeded on his motion pro se. The Sixth Amendment right to the assistance of counsel implicitly embodies a "correlative right" to self-representation. *Adams v. United States ex rel. McCann*, 317 U.S. 269, 279, 63 S.Ct. 236, 87 L.Ed. 268 (1942); *State v. Gibson*, 45 Ohio St.2d 366, 345 N.E.2d 399 (1976), paragraph one of the syllabus. Thus, when a defendant properly invokes the right of self-representation, a trial court's denial of that right is per se reversible. *State v. Cassano*, 96 Ohio St.3d 94, 2002-Ohio-3751, 772 N.E.2d 81, ¶ 32, citing *State v. Reed*, 74 Ohio St.3d 534, 535, 660 N.E.2d 456 (1996).

{¶14} However, in order to proceed pro se, a defendant must knowingly, voluntarily, and intelligently waive the Sixth Amendment right to counsel. *State v. Moore,* 8th Dist. Cuyahoga No. 95106, 2012-Ohio-1958, ¶ 43; Crim.R. 44(A) (A defendant may waive his right to counsel only "after being fully advised of his right to

assigned counsel, [and] knowingly, intelligently, and voluntarily waives [it].").   The trial court must caution him and warn of "the dangers and disadvantages of self-representation, so that the record will establish that 'he knows what he is doing and his choice is made with eyes open.'"  *Faretta v. California*, 422 U.S. 806, 835, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975), quoting *United States ex rel. McCann*, 317 U.S. 269 at 279, 63 S.Ct. 236, 87 L.Ed. 268.

{¶15} The trial court did not engage in a colloquy with Simmons to discuss the dangers or disadvantages of self-representation.   Nor did the court inquire as to whether Simmons had the means to retain new counsel or determine whether counsel should be appointed to protect his interests with respect to a motion to withdraw his guilty plea.

{¶16} Simmons asserted he was innocent and that his counsel coerced him to enter the plea agreement.   Counsel may have urged Simmons to accept the state's offer because it presented a substantial reduction in the range of potential penalties.   However, a significant reduction in charges and penalties may indicate a weakness in the state's case against the defendant.   Yet, Simmons was forced to argue the merits of his motion without knowledge of the legal standard for such motions, without a proper advisement of the perils of self-representation, and without having the option of proceeding with counsel.   As a result, Simmons was deprived of his constitutional right to counsel.

{¶17} The sole assignment of error is sustained.

{¶18} Simmons's convictions are vacated.   The case is remanded to the trial court for (1) a hearing either to advise Simmons of the perils of self-representation or to

determine whether Simmons has the means to retain new counsel, and (2) a hearing on Simmons's presentence motion to withdraw his guilty plea.

It is ordered that appellant recover from appellee costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.


EILEEN T. GALLAGHER, JUDGE

KATHLEEN ANN KEOUGH, P.J., and
MELODY J. STEWART, J., CONCUR