[Cite as *State v. Woodard*, 2019-Ohio-251.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
Nos. 106945 and 107952

**STATE OF OHIO**

PLAINTIFF-APPELLEE

vs.

**COREY J. WOODARD**

DEFENDANT-APPELLANT

**JUDGMENT:**
VACATED AND REMANDED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case Nos. CR-16-607981-A, CR-16-611817-A,
CR-16-608564-A, and CR-17-618405-A

**BEFORE:** Boyle, P.J., Celebrezze, J., and Yarbrough, J.*

**RELEASED AND JOURNALIZED:** January 24, 2019

**ATTORNEY FOR APPELLANT**

Susan J. Moran
55 Public Square, Suite 1616
Cleveland, Ohio   44113


**ATTORNEYS FOR APPELLEE**

Michael C. O'Malley
Cuyahoga County Prosecutor
BY:   Brandon Piteo
          Mary Weston
Assistant County Prosecutors
Justice Center, 9th Floor
1200 Ontario Street
Cleveland, Ohio   44113

MARY J. BOYLE, P.J.:

{¶1}   Defendant-appellant, Corey J. Woodard, appeals his plea and sentence.   He

raises two assignments of error for our review:

> 1. The trial court abused its discretion by denying appellant's presentence motion to withdraw his plea in violation of his right to due process and right to a fair trial.

> 2. The trial court erred in imposing consecutive sentences for offenses committed in Ohio and Texas.

{¶2}   Finding merit to his first assignment of error, we vacate his convictions and

remand for further proceedings.[1]

## I. Procedural History and Factual Background

{¶3}   On July 26, 2016, a Cuyahoga County Grand Jury indicted Woodard with two

counts of escape in Cuyahoga C.P. No. CR-16-607981.

---

[1] Woodard's notice of appeal only contained the lower court case numbers CR-16-607981 and CR-16-611817.   On December 3, 2018, Woodard filed a motion for delayed appeal in lower court case numbers CR-16-608564 and CR-17-618405 and a motion to consolidate.   We granted Woodard's motions on December 18, 2018.

**{¶4}** On August 18, 2016, a Cuyahoga County Grand Jury indicted Woodard with one count of failure to provide notice of change of address in Cuyahoga C.P. No. CR-16-608564.

**{¶5}** On December 8, 2016, a Cuyahoga County Grand Jury indicted Woodard with one count of failure to verify address in Cuyahoga C.P. No. CR-16-611817.

**{¶6}** On June 19, 2017, a Cuyahoga County Grand Jury indicted Woodard on four counts of rape, each with sexually violent predator and repeat violent offender and notice of prior conviction specifications, two counts of kidnapping, each with sexual motivation, sexually violent predator, repeat violent offender, and notice of prior conviction specifications, one count of domestic violence, and one count of intimidation of crime victim or witness in Cuyahoga C.P. No. CR-17-618405. The charges stemmed from an incident that occurred in June 2016, when Woodard allegedly assaulted, kidnapped, and raped the victim, his ex-girlfriend.

**{¶7}** On December 17, 2018, Woodard agreed to a plea deal under which he would plead guilty to the following:

CR-16-611817: one count of failure to verify address, a felony of the third degree;

CR-16-607981: two counts of escape, both felonies of the fifth degree;

CR-16-618405: two counts of rape, felonies of the first degree, with notices of prior conviction; one count of kidnapping, a felony of the first degree, with a sexual-motivation specification and notice of prior conviction; and one count of domestic violence, a misdemeanor of the first degree; and

CR-17-608564: one count of failure to provide notice of change of address, a felony of the third degree.

**{¶8}** As part of his plea in CR-17-618405, the parties agreed that none of the counts would merge for purposes of sentencing. As for the pleas in CR-16-607981, however, the parties agreed that the escape charges would merge.

{¶9}    During the plea hearing, the trial court asked Woodard how old he was (37), his level of education (12th grade), whether he had any difficulty reading or writing (he did not), and whether he was satisfied with his attorney (he was).  The trial court also explained that by pleading guilty, Woodard was giving up his constitutional right to (1) a trial by a jury, (2) subpoena or call witnesses to appear and testify on his behalf, and (3) cross-examine the state's witnesses.  When asked if he understood those rights, Woodard said he did.  The trial court also ensured that Woodard understood that if he went to trial, the state had the burden of proving his guilt beyond a reasonable doubt and that he had the right to not testify at trial.  The trial court then explained the potential penalties that Woodard faced in each case, including the lifetime verification requirements for the Tier III sex-offender classification and the 25-year verification requirements for the Tier II sex-offender classification he would receive by pleading guilty in Case No. CR-17-618405.  The trial court ensured that Woodard was not threatened or coerced into taking his plea.  Also, after Woodard disclosed that he was on postrelease control, the trial court explained that by pleading guilty, he would violate his postrelease control and may face additional consequences.

{¶10} Woodard then pleaded guilty, and the trial court set the sentencing hearing for February 14, 2018.  In its journal entry regarding the plea hearing, the trial court noted that Woodard "is currently serving prison sentence[s] in Texas, Dallas Cty Cases F16762681 & F1600689."

{¶11} On February 5, 2018, Woodard filed (1) a notice of termination of counsel in Case No. CR-17-618405, and (2) a pro se motion to withdraw his guilty plea in that case.  In his motion to withdraw his guilty plea, Woodard stated that he pleaded guilty "out of fear and panic that he would be sentenced to a life term if he proceeded to [a] jury trial and lost" and that "this

panic and fear clouded his judgment and prohibited him from truly understanding his trial rights and the consequences of his plea." He also stated that "he has had time to reflect on his decision to plead guilty and now wants to withdraw his plea."

{¶12} The state filed a response to Woodard's motion to withdraw his plea, and the trial court held a hearing on Woodard's motion. Woodard argued his motion on his own behalf. After hearing from both parties, the trial court adjourned the hearing to allow the parties to submit supplemental authority.

{¶13} At the next hearing, the trial court addressed Woodard's notice of termination of counsel first. When the trial court explained that Woodard would have to "speak[] on [his] own behalf for purposes of sentencing" if his motion to withdraw was not granted, Woodard responded that he thought he "would probably be appointed new counsel." The trial court then commented on Woodard's defense counsel's experience and asked Woodard why he needed new counsel and if he was able to afford his own attorney. Woodard responded that he wanted new counsel because his defense counsel "told [him] that if [they went] to trial, the only opportunity that [he] could have to even think about beating the case was to take the stand and the jury wouldn't believe [him] because of [his] past." Woodard also stated that he could not afford his own attorney.

{¶14} The trial court then gave Woodard a few minutes to speak with his defense counsel. When they returned, Woodard told the court that he wished to proceed with terminating his counsel in Case No. CR-17-618405. The trial court granted Woodard's termination of representation in part as to sentencing only in Case No. CR-17-618405. It advised Woodard that he would be able to articulate any mitigation factors and review the presentence investigation report for any inaccuracies for that case.

{¶15} The trial court next allowed the parties to address Woodard's motion to withdraw his guilty plea.   In support of his motion, Woodard stated,

> I would like to point out that my claim withdrawing this plea is due to a rash decision that I made.   It was an impaired decision that I made in fear and panic, as my motion said.   I've professed my innocence to my lawyer of this case. And that day I was put in a position where I felt like my back was against the wall and I made a rash decision.

After reviewing Woodard's motion, case law, and the applicable rules, the trial court denied Woodard's motion, stating,

> The change of heart is what is mentioned here.   It's not sufficient.   The defendant reflected as to the length of the sentences.   There is no factual or legal reason for this withdrawal.   The plea did not contain a guarantee of sentence, only a range of sentencing.   There were prior motions here. [H]e was afforded a beneficial deal compared to the possibility in the event he was found guilty.
>
> Also, the motion, being made in a reasonable amount of time, stated these reasons for withdrawal, the change of heart, the reflection, impaired.   I do not agree with impaired.   You have been with us every step along the way.   And the court, as I mentioned, found you able to change your plea.
>
> Also, whether the defendant produces evidence of a plausible defense.   Your claim of "I'm not guilty," you plead not guilty to begin with.   And after full discovery and at the time of the sentencing, we start seeing pictures of the victim here with the black eye and the medical reports and et cetera.   Those would be used for purposes of sentencing.   So these protestations of innocence were not made at the time of the guilty plea and the evidence that was presented that the court saw in a brief amount of time that I had to look at the case doesn't point in that direction either.

{¶16} The trial court then moved to sentencing, where Woodard's counsel spoke on his behalf for Case Nos. CR-16-611817, CR-16-607981, and CR-16-608564.   Woodard's counsel discussed his sentences in Texas and asked for his sentences to run concurrent to those in Texas.

The trial court then gave Woodard the opportunity to speak on his behalf for Case No. CR-17-618405 (although the trial court did not specifically delineate that case number). Woodard only asked if the trial court could recommend to the Texas prison that Woodard be placed in Bridge to Life, an emotional support program.

{¶17} The trial court then reviewed the purposes of felony sentencing and other pertinent factors. When reviewing Woodard's criminal history listed in the presentence investigation report, the trial court stated, "He has the latest, the 2017 Dallas County cases, * * * 1676268, convicted of aggravated robbery. Case * * * 1600689, convicted of unlawful possession of a firearm by a felon." The trial court ordered that Woodard's sentences for his cases would be served consecutively to his sentences in his cases from Texas. The trial court stated that "[t]hese are violent serious offenses [and] [t]he harm in Ohio was great and a single prison term as it relates to the Texas and Ohio cases will not adequately reflect the seriousness of the defendant's conduct." It also found that Woodard's criminal history supported consecutive sentences to protect the public.

{¶18} The trial court then sentenced Woodard as follows:

Case No. 611817: 18 months for the failure to verify address conviction with a discretionary period of postrelease control for up to three years;

Case No. 607981: One year for the escape conviction with a discretionary period of postrelease control for up to three years (Woodward's second conviction for escape merged by agreement between the parties);

Case No. 608564: 18 months for the failure to provide notice of address change conviction with a discretionary period of postrelease control for up to three years;

Case No. 618405: 11 years for each rape conviction, 11 years for the kidnapping conviction, and time served for the domestic violence conviction. 5 years mandatory postrelease control for the rape and kidnapping convictions.

**{¶19}** The trial court ordered that all of the Ohio cases' sentences run concurrent to one another, giving Woodard an aggregate prison term of 11 years to be served upon completion of his sentences in Texas.

**{¶20}** The trial court then moved on to the sex-offender classification hearing for Woodard's convictions for rape and kidnapping in Case No. CR-17-618405. The trial court informed Woodard that he was a Tier II sex offender for his kidnapping conviction and a Tier III sex offender for his rape convictions in Case No. CR-17-618405. It explained the registration and verification requirements as well as the penalties for failing to satisfy those requirements. Neither party contested the trial court's findings and neither Woodard's counsel nor Woodard himself spoke or objected.

**{¶21}** The following exchange then occurred:

WOODARD: I know it doesn't probably mean anything. But on paper I'm not in Texas prison for aggravated robbery. It's for robbery. I never had a weapon.

TRIAL COURT: So it's a robbery. You got 5 years for robbery.

WOODARD: Yes.

TRIAL COURT: Well, I don't know if that's something that we should correct in the record. It might have been what you were charged with and then they pled it down. Let's double check that. We'll get the correction in there with the case number too. I want to get that corrected.

* * *

WOODARD: My weapons charge was totally — on a different case.

TRIAL COURT: Yeah. Let's see. You know what, I can't tell from this.

* * *

[WOODARD'S
COUNSEL]: Even looking at the handwritten originals, there is no journal entry that was, like a

|  |  |
|---|---|
|  | typed up journal entry that we would have for the final version. Plea agreement and sentencing all rolled into one. Starts out saying robbery and then a slash mark and has "robbery" written in. |
| TRIAL COURT: | Well, whatever it is, it is. It's 5 years and serving the time. I made the correction on the case number and the Texas case is what it is, I guess a matter of public record. Very good. I think we are adjourned. |

**{¶22}** The trial court then ordered that Woodard be returned to the Huntsville, Texas Department of Criminal Justice to "complete [his] current sentences in Dallas County Cases F-1676268 and F-1600689."

**{¶23}** It is from these judgments that Woodard now appeals.

**II. Law and Analysis**

**A. Motion to Withdraw Guilty Plea**

**{¶24}** In his first assignment of error, Woodard argues that the "trial court abused its discretion by denying [his] presentence motion to withdraw his plea in violation of his right to due process and right to a fair trial."

**{¶25}** Crim.R. 32.1 states, "[a] motion to withdraw a plea of guilty or no contest may be made only before sentence is imposed; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his or her plea." Generally, a motion to withdraw a guilty plea made before sentencing should be freely and liberally granted. *State v. Xie*, 62 Ohio St.3d 521, 527, 584 N.E.2d 715 (1992). A defendant does not, however, have an absolute right to withdraw his plea before sentencing. *Id*. at paragraph one of the syllabus. When presented with a presentence motion to withdraw a guilty plea, a trial court "must conduct a hearing to determine whether there is a reasonable and legitimate basis for the withdrawal of the plea." *Id*. Following the hearing, the trial court's

decision to grant or deny a motion to withdraw a plea will be upheld absent an abuse of discretion. *Id.* at 527. An abuse of discretion occurs when the trial court's decision was unreasonable, arbitrary, or unconscionable. *State v. Beasley*, 152 Ohio St.3d 470, 2018-Ohio-16, 97 N.E.3d 474, ¶ 12.

**{¶26}** We will not find that the trial court abused its discretion if (1) Woodard was represented by highly competent counsel, (2) Woodard was afforded a full hearing, pursuant to Crim.R. 11, before entering the plea, (3) the trial court afforded Woodard a complete and impartial hearing on his motion to withdraw his guilty plea, and (4) the record reveals that the trial court gave full and fair consideration to the plea withdrawal request. *State v. Bosby*, 8th Dist. Cuyahoga No. 94466, 2011-Ohio-599, ¶ 8, citing *State v. Tull*, 168 Ohio App.3d 54, 2006-Ohio-3365, 858 N.E.2d 828 (2d Dist.). Our court has also considered other factors, including (5) whether the state will be prejudiced by the withdrawal, (6) whether the motion was made in a reasonable time, (7) the reasons for the withdrawal request, (8) whether the accused understood the nature of the charges and the possible penalties, and (9) whether the accused was perhaps not guilty or had a complete defense. *State v. Walcot*, 8th Dist. Cuyahoga No. 99477, 2013-Ohio-4041, ¶ 19, citing *State v. Fish*, 104 Ohio App.3d 236, 661 N.E.2d 788 (1st Dist.1995). The above list of factors is not exhaustive and "[n]o single factor is conclusive[.]" *State v. Burris*, 10th Dist. Franklin No. 13AP-238, 2013-Ohio-5108, ¶ 11, citing *State v. Zimmerman*, 10th Dist. Franklin No. 09AP-866, 2010-Ohio-4087, and *Fish*. We must consider the above listed factors as well as any other factors pertinent to the merits of this individual case. *Id.*, citing *Fish.*

**{¶27}** Woodard argues that a consideration of the above factors establishes that the trial court abused its discretion. Although Woodard states that the second, third, and eighth factors

were "not implicated," he argues that first, fourth, fifth, sixth, seventh, and ninth factors support this conclusion. On the flip side, the state argues that all of the factors support the trial court's denial of Woodard's motion.

**{¶28}** We find that a discussion of the first and third factors, which concern Woodard's right to representation at a full and impartial hearing on his presentence motion to withdraw his guilty plea, is all that is necessary to decide this case.

**{¶29}** Under the Sixth Amendment to the United States Constitution and Article I, Section 10, of the Ohio Constitution, a criminal defendant who faces a potential prison sentence has the right to assistance of counsel in his defense at all "critical stages" of criminal proceedings. *State v. Simmons*, 8th Dist. Cuyahoga No. 103986, 2016-Ohio-7709, ¶ 11, citing *State v. Tymcio*, 42 Ohio St.2d 39, 325 N.E.2d 556 (1975), and *United States v. Wade*, 388 U.S. 218, 87 S.Ct. 1926, 18 L.Ed.2d 1149 (1967). "Ohio courts have held that a criminal defendant has a right to counsel at a hearing on a presentence motion to withdraw a guilty plea because such a hearing is a critical stage of litigation." *Simmons* at ¶ 12.

**{¶30}** A defendant also has a "correlative right" to self-representation — to proceed pro se — under the Sixth Amendment. *Id.* at ¶ 13. "However, in order to proceed pro se, a defendant must knowingly, voluntarily, and intelligently waive the Sixth Amendment right to counsel." *Id.* at ¶ 14, citing *State v. Moore*, 2012-Ohio-1958, 970 N.E.2d 1098 (8th Dist.), and Crim.R. 44(A). Crim.R. 44(A) states,

> Where a defendant charged with a serious offense is unable to obtain counsel, counsel shall be assigned to represent him at every stage of the proceedings from his initial appearance before a court through appeal as of right, unless the

defendant, after being fully advised of his right to assigned counsel, knowingly, intelligently, and voluntarily waives his right to counsel.

**{¶31}** For a defendant to knowingly, voluntarily, and intelligently waive the right to counsel, "[t]he trial court must caution [the defendant] and warn of 'the dangers and disadvantages of self-representation, so that the record will establish that he knows what he is doing and his choice is made with eyes open.'" *Simmons* at ¶ 14, quoting *Faretta v. California*, 422 U.S. 806, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975). Additionally, the waiver must be made "'with an apprehension of the nature of the charges, the statutory offenses included within them, the range of allowable punishments thereunder, possible defenses to the charges and circumstances in mitigation thereof, and all other facts essential to a broad understanding of the whole matter.'" *State v. Gibson*, 45 Ohio St.2d 366, 377, 345 N.E.2d 399 (1976), quoting *Von Moltke v. Gillies*, 332 U.S. 708, 68 S.Ct. 316, 92 L.Ed.2d 309 (1948).

**{¶32}** Further, there is no "prescribed" language that a court must use to establish an effective waiver; instead, "the information a defendant must possess to make an intelligent election 'depend[s] on a range of case-specific factors, including the defendant's education or sophistication, the complex or easily grasped nature of the charge, and the stage of the proceeding.'" *State v. Buchanan*, 8th Dist. Cuyahoga No. 104500, 2017-Ohio-1361, ¶ 15, quoting *State v. Johnson*, 112 Ohio St.3d 210, 2006-Ohio-6404, 858 N.E.2d 1144.

**{¶33}** In *Simmons*, 8th Dist. Cuyahoga No. 103986, 2016-Ohio-7709, the defendant filed a presentence pro se motion requesting withdrawal of his guilty plea. At the next hearing, the defendant's counsel stated that he did not agree with the defendant's motion and that he would not file one on behalf of the defendant. The trial court explained to the defendant that "he could either terminate counsel and proceed on his motion pro se or the court would strike his pro se

motion if he intended to proceed with counsel because Ohio law does not permit hybrid representation." *Id.* at ¶ 7. The defendant stated that he wished to terminate his counsel, and his counsel withdrew his representation. After allowing the state and the defendant to argue, the trial court overruled the defendant's motion to withdraw his guilty plea.

{¶34} On appeal, we found that the trial court violated the defendant's right to counsel because it failed to

> (1) engage in a colloquy with [the defendant] to discuss the dangers or disadvantages of self-representation[;]
>
> (2) inquire as to whether [the defendant] had the means to retain new counsel[; or]
>
> (3) determine whether counsel should be appointed to protect his interests with respect to a motion to withdraw his guilty plea[.]

*Id.* at ¶ 15.

{¶35} Here, we find that we must reach the same conclusion that we did in *Simmons*. The record shows that while the trial court asked Woodard if he would be able to afford his own attorney (to which Woodard responded he could not) and inquired as to why Woodard wanted new counsel, the trial court failed to "discuss the dangers or disadvantages of self representation[.]" The record also shows that Woodard did not waive his counsel with an "apprehension of the nature of the charges, the statutory offenses included within them, the range of allowable punishments thereunder, possible defenses to the charges and circumstances in mitigation thereof." *Gibson*, 45 Ohio St.2d at 377, 345 N.E.2d 399. Moreover, the record shows that Woodard had no desire to proceed on his motion pro se and did not wish to waive his right to counsel. Instead, he told the trial court that he filed his notice of termination of counsel to have new counsel appointed.

**{¶36}** We find the absence of a thorough colloquy between the trial court and Woodard establishes that Woodard did not knowingly, voluntarily, and intelligently waive his right to counsel and that Woodard was denied his constitutional right to counsel. We also find the first and third *Fish* factors — (1) Woodard was not represented by highly competent counsel, and (3) the trial court did not afford Woodard a complete and impartial hearing on his motion to withdraw his guilty plea — necessitate vacating Woodard's convictions.

**{¶37}** Therefore, we sustain Woodard's first assignment of error. Woodard's convictions are vacated in Case No. CR-17-618405. This case is remanded to the trial court for (1) a hearing to advise Woodard of the perils of self-representation and determine whether Woodard should be appointed new counsel, and (2) a hearing on Woodard's presentence motion to withdraw his guilty plea. Our resolution of Woodard's first assignment of error renders his second assignment of error moot.

It is ordered that appellant recover from appellee the costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____

MARY J. BOYLE, PRESIDING JUDGE

FRANK D. CELEBREZZE, JR., J., and
STEPHEN A. YARBROUGH, J.,* CONCUR

*(Sitting by assignment: Retired Judge Stephen A. Yarbrough of the Sixth District Court of Appeals.)