[Cite as *State v. Becks*, 2026-Ohio-1456.]

COURT OF APPEALS OF OHIO

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

STATE OF OHIO,                          :

    Plaintiff-Appellee,          :

                               No. 115653

    v.                              :

BRIANNA BECKS,                          :

    Defendant-Appellant.         :

---

JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** April 23, 2026

---

Criminal Appeal from the Cuyahoga County Court of Common Pleas
Case No. CR-23-679083-A

---

***Appearances:***

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and Caroline Maver, Assistant Prosecuting Attorney, *for appellee.*

P. Andrew Baker, *for appellant.*

KATHLEEN ANN KEOUGH, J.:

{¶ 1} Defendant-appellant Brianna Becks contends on appeal that she was deprived of effective assistance of counsel during the hearing on her presentence motion to withdraw her guilty plea. Finding no merit to the appeal, we overrule her assignment of error and affirm.

{¶ 2} In 2023, the State charged Becks with endangering children in violation of R.C. 2919.22(A) (Count 1), a third-degree felony, and R.C. 2919.22(B)(1) (Count 2), a second-degree felony. On August 20, 2025, the day of trial, Becks entered into a plea agreement in which the State amended Count 1 to attempted endangering children in violation of R.C. 2923.02 and 2919.22(A), reducing the charge to a fourth-degree felony. The State agreed to nolle Count 2.

{¶ 3} Approximately a week later at sentencing, Becks, through counsel, verbally requested to withdraw her plea. Following a hearing, the trial court took the matter under advisement to obtain a transcript of the plea hearing to give full consideration of Becks's request. On September 18, 2025, the trial court denied Becks's motion, citing this court's decision in *State v. Pames*, 2022-Ohio-616 (8th Dist.), and sentenced her to one year of community control.

{¶ 4} Becks now appeals, raising as her sole assignment of error that she was deprived effective assistance of trial counsel during the hearing on her day-of-sentencing request to withdraw her plea. She has not raised any argument challenging the trial court's denial of her presentence motion to withdraw her plea.

{¶ 5} U.S. Const., amend. VI and Ohio Const., art. I, § 10 provide that defendants in all criminal proceedings shall have the assistance of counsel for their defense. This court has held "'that a criminal defendant has a right to counsel at a hearing on a presentence motion to withdraw a guilty plea because such a hearing is a critical stage of litigation.'" *State v. Woodard*, 2019-Ohio-251, ¶ 29 (8th Dist.), quoting *State v. Simmons*, 2016-Ohio-7709, ¶ 12 (8th Dist.). "[T]he right to

counsel is the right to effective assistance of counsel." *Strickland v. Washington*, 466 U.S. 668, 686 (1984).

{¶ 6} Reversal of a conviction for ineffective assistance of counsel requires a defendant to show that counsel's performance was deficient and that the deficient performance prejudiced the defense, depriving the defendant of a fair trial or, in this case, a fair hearing. *See State v. Guffie*, 2024-Ohio-2163, ¶ 89 (8th Dist.), citing *State v. Hanna*, 2002-Ohio-2221, ¶ 109. Deficient performance occurs when counsel's conduct falls below an objective standard of reasonable representation. *State v. Bell*, 2017-Ohio-7168, ¶ 23 (8th Dist.). Prejudice is found when "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland* at 694.

{¶ 7} Becks contends that her trial counsel was ineffective because she and her counsel had a conflict of interest based on her allegation that she felt pressured by counsel to accept the plea. She advances that because of the conflict, counsel should have withdrawn from representation and the court should have appointed her new counsel. In support, she relies on the First District's decision in *State v. Foreman*, 2015-Ohio-2259 (1st Dist.), and asks that this court adopt its rationale that prejudice is presumed when counsel and the client have conflicting interests, thus necessarily requiring the appointment of new counsel when a motion to withdraw a guilty plea is based on that conflict. Despite this request, Becks acknowledges that this court in *State v. Hall*, 2025-Ohio-2153 (8th Dist.), recently

declined to follow *Foreman*, finding it nonbinding, unpersuasive, and distinguishable. We again find the same.

{¶ 8} In *Foreman*, the defendant, with the assistance of two attorneys, pleaded guilty to theft and nonsupport. Prior to sentencing, one of Foreman's attorneys filed a motion to withdraw Foreman's guilty pleas, contending that he did not enter knowing, intelligent, or voluntary guilty pleas because his father had unduly pressured him to plead to the charges, he had been denied discovery, and his attorneys had been dishonest with him.

{¶ 9} At the hearing on the motion, counsel disagreed with Foreman's accusation and assessment of his legal representation. Counsel advised the court that Foreman declined counsel's offer to request the court to appoint new counsel. Moreover, during the hearing, Foreman did not extrapolate on his accusation regarding counsel's dishonesty. Accordingly, the trial court denied the motion.

{¶ 10} On appeal, Foreman argued that he received ineffective assistance of counsel during the hearing on his motion to withdraw his plea. The First District agreed with Foreman, finding that his attorney had an interest adverse to his and thus ineffective assistance of counsel was "presumed." *Foreman*, 2015-Ohio-2259, ¶ 8 (1st Dist.). Specifically, the court noted, "No attorney could reasonably be expected to argue to a court that he or she had 'not been totally honest with' a client, thereby coercing the client into pleading guilty. Such an argument could open an attorney to disciplinary action, and could possibly threaten his or her license." *Id.* at ¶ 7.

{¶ 11} At the outset, Becks never requested the trial court to appoint her new counsel. Moreover, unlike in *Foreman*, Becks did not accuse her counsel of being untruthful with her. During the colloquy with the court regarding her justification for wanting to withdraw her plea, Becks explained:

> I just felt like I'm already proven to be guilty because I didn't feel like he wanted to fight for me. He kept telling me that I was not going to jail. And I really wanted to tell my story.
>
> I picked — I picked that because I obviously wasn't going to fight it. But I haven't gotten a refund from [her retained lawyer] who was my first lawyer who was supposed to give me a refund to get a new lawyer. So I am using a court-appointed lawyer, not one that I chose.
>
> But I do have a story, and I want everybody to hear it and to choose on what they hear if I'm innocent or guilty or not. Just because somebody gave me a plea, I'm not going to take it. They find innocent or guilty.

(Tr. 34-35.)

{¶ 12} In *Pames*, 2022-Ohio-616 (8th Dist.), this court stated:

> The uncertainty associated with going to trial and the fear of being found guilty of, and sentenced on, more offenses (or more serious offenses) than the defendant would have been convicted of had he or she accepted a plea agreement is a motivation that underlies virtually all guilty pleas. The fact that a defendant may have felt "pressured" to enter a guilty plea is not a sufficient basis upon which to withdraw a plea in the absence of evidence of coercion. . . . To show coercion in the entry of a guilty plea, "'an appellant must submit supporting material containing evidence that the guilty plea was induced by false promises.'" [*State v.*] *Shaw* at ¶ 6 [(8th Dist.)], quoting *State v. Thomas*, 8th Dist. Cuyahoga No. 85294, 2005-Ohio-4145, ¶ 5, citing *State v. Kapper*, 5 Ohio St.3d 36, 448 N.E.2d 823 (1983).

*Id.* at ¶ 37.

{¶ 13} Based on her statements to the court, Becks's desire to withdraw her plea was not so much because of any pressure she felt, but more about her wanting

to tell her side of the story.  Additionally, she did not articulate any specific basis as to why she felt pressured or why she believed her counsel was not going to "fight" for her.  Accordingly, unlike in *Foreman*, nothing in this record demonstrates that counsel's interests were adverse to Becks and no allegations or evidence was advanced that counsel coerced her to plead guilty.

{¶ 14} Moreover, despite the accusation that counsel pressured Becks into pleading guilty, counsel strongly advocated for granting the day-of motion to withdraw Becks's plea, without compromising any attorney-client relationship, or disparaging or discounting Becks's beliefs or feelings.  He thoroughly addressed the relevant factors commonly considered when trial courts consider a Crim.R. 32.1 motion, including the timing of the motion, prejudice to the State, and his belief that Becks had a defense and that she claimed innocence.  *See generally State v. Barnes*, 2022-Ohio-4486.  Throughout the hearing, counsel stated that whether Becks understood the nature of the offenses, the possible penalties, and waiver of rights and whether she felt pressured rested solely in Becks's mind and her beliefs, which he was unable to speculate.

{¶ 15} Our review of the plea colloquy does not reveal any misunderstanding or hesitation by Becks to plead guilty to the amended endangering children charge.  During the colloquy, she stated that she affirmatively understood the nature of the offenses and the rights she would be waiving by pleading guilty, including the right to have the State prove her guilty.  Becks also stated that no one threatened or promised her anything beyond the plea

agreement to induce her into entering the plea and that she was satisfied with her counsel.

{¶ 16} Based on the foregoing, we find that Becks has failed to demonstrate the first prong of *Strickland* — that counsel's performance fell below an objective standard of reasonable representation — to prove that she was deprived of effective assistance of counsel. Failure to prove the first prong of *Strickland* is fatal to her appeal. *See State v. Copeland*, 2016-Ohio-1537, ¶ 40 (8th Dist.) (recognizing that the failure to prove one prong of the *Strickland* two-part test makes it unnecessary for a court to consider the other prong). Accordingly, her assignment of error is overruled.

{¶ 17} Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
KATHLEEN ANN KEOUGH, JUDGE

EILEEN T. GALLAGHER, P.J., and
MICHAEL JOHN RYAN, J., CONCUR